Marc J. Randazza, Cal. Bar No. 269535
Christopher A. Harvey, Cal. Bar No. 261986
Randazza Legal Group
6525 W. Warm Springs Rd., Ste. 100
Las Vegas, NV 89118
888-667-1113
305-437-7662 (fax)
ecf@randazza.com

Attorneys for Plaintiffs,
Abigail (Abbey) Talley, through her mother, Elizabeth Talley

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABIGAIL TALLEY, a minor, through her mother ELIZABETH TALLEY<br><br>Plaintiff,<br><br>vs.<br><br>ERIC S. CHANSON, an individual;<br>ROY E. CHANSON, an individual;<br>AMY L. CHANSON, an individual;<br>KEVIN C. BOLLAERT, an individual;<br>BLUE MIST MEDIA, LLC, a limited-liability company of unknown origin, d/b/a "YOUGOTPOSTED",<br><br>Defendants. | Case No.: **'13 CV 1238 CAB BLM**<br><br>**COMPLAINT**<br><br>• **VIOLATION OF 18 U.S.C. § 2252**<br><br>• **VIOLATION OF 18 U.S.C. § 2252A**<br><br>• **VIOLATION OF CAL. CIV. CODE § 3344**<br><br>**INJUNCTIVE RELIEF SOUGHT**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**(INJUNCTIVE RELIEF SOUGHT)**

Plaintiff Abigail Talley ("Abbey"), through her mother, Elizabeth Talley (collectively, the "Plaintiff") hereby files this suit seeking damages for the Defendants' distribution of her actual sexually explicit images. This child pornography contains the lascivious display of her genitals or pubic area, when she was younger than 18 years of age. Plaintiff therefore brings this Complaint against Eric S. Chanson, Roy E. Chanson, Amy L. Chanson, Kevin C. Bollaert, and Blue Mist Media LLC, (collectively, the "Defendants"), and alleges as follows:

**I. Introductory Statement**

This action arises from Defendants' distribution of child pornography. Defendants Eric S. Chanson, Roy E. Chanson, Amy L. Chanson, Kevin C. Bollaert, and Blue Mist Media LLC own, operate, or assist in the operation of the website "YouGotPosted," through which they distribute "involuntary" or "revenge" pornography. The Defendants' revenge pornography site can be accessed from domain names including <ugotposted.com>, <ugotposted.org>, and <ugotposted.net>. The Defendants' business model depends upon stealing or improperly obtaining sexually explicit photographs of unwitting victims -- photographs which these victims consider to be private and have not authorized anyone to distribute, much less disseminate to the general public. Not only do the Defendants encourage and likely participate in this theft, they publish this involuntary pornography on the Internet for their personal financial gain.

Not content to simply publish these victims' photographs, the Defendants also engage in a form of stalking: the Defendants identify the subjects of the sexually explicit photographs, and then publish not only the sexually explicit photographs, but the victims' full names, where they live, and links to their personal Facebook pages, as well. The Defendants do not verify the ages of any of the subjects of the actual sexually explicit content that they publish, nor do they maintain any records as required by law.

The legitimate adult entertainment industry complies with 18 U.S.C. § 2257 and complementary regulations within 28 C.F.R. § 75, requiring publishers of actual sexually explicit material to maintain certain records of their productions, including archived inspections of government-issued identification for models contained within the pornographic images. Producers must also maintain copies of these records kept pursuant to 18 U.S.C. § 2257 and make them available for inspection by law enforcement. In doing so, legitimate adult entertainment publishers obtain model releases, signed by the subjects of their work, to remove any doubt that the men and women in their productions are both adults and consenting parties to the commercial use of their likenesses.

Defendants may claim that they did not know that Plaintiff was a minor in the photographs at issue. Such a defense, however, is unavailing: First, it is incumbent on Defendant to make such

a determination *prior* to publication – not after; second, had the Defendants sought Plaintiff's *permission* prior to commercially exploiting her likeness and image, she would have informed them that she was a minor when such images were created and refused to agree to Defendants' publication. Finally, the Defendants failed to adhere to 18 U.S.C. § 2257 as required by law. If they had followed this statute, they would have realized that Plaintiff was a minor when the images were created. These factors illustrate that Defendants were at least willfully blind as to whether Abbey was a minor and whether she consented to the Defendants' commercial use of her image. Here, as in other areas in the law, Defendants' willful blindness is equivalent to their actual knowledge.

Accordingly, Defendants published Abbey's images without so much as taking the time to obtain or inspect the § 2257 records. Had Defendants done so – as required by law – Plaintiff's sexually explicit photographs would not have been published for profit on their website.

Defendants' actions violate a number of Plaintiff's statutory and common law rights. Abbey has suffered pain, humiliation, and psychological injury as a result of Defendants' knowing, willful, or willfully blind acts. Congress and the California legislature have enacted laws that give civil remedies to minors victimized by child pornography, which they may assert against the producers and distributors of such material. Moreover, Defendants have infringed upon Plaintiff's privacy rights and right to control the commercial use of her name, image and likeness.

On these bases, Plaintiff seeks redress for the injuries Defendants have inflicted upon Abbey.

## II. Jurisdiction and Venue

1. This Court has subject matter jurisdiction over this matter pursuant to the Constitution and laws of the United States, particularly 28 U.S.C. § 1331 and 18 U.S.C. § 2255. This Court has supplemental jurisdiction over this matter's state law claims under 28 U.S.C. § 1367(a).

2. This Court has personal jurisdiction over Defendant Eric S. Chanson based upon the following: (a) he operates websites on the World Wide Web that are accessible to and specifically target residents of the State of California, including Plaintiff, (b) he committed acts that he knew or

should have known would cause injury to Plaintiff within the State of California, and (c) the website, in which he has a controlling interest, is based in and registered to a San Diego address.

3. This Court has personal jurisdiction over Defendant Roy E. Chanson based upon the following: (a) he actively participates, and materially assists Eric S. Chanson, in operating websites on the World Wide Web that are accessible to and specifically target residents of the State of California, including Plaintiff, (b) he committed acts that he knew or should have known would cause injury to Plaintiff within the State of California, and (c) the subject website, in which he actively supports and participates in the operation of, is based in and registered to a San Diego address.

4. This Court has personal jurisdiction over Defendant Amy L. Chanson based upon the following: (a) she actively participates, and materially assists Eric S. Chanson, in operating websites on the World Wide Web that are accessible to and specifically target residents of the State of California, including Plaintiff, (b) she committed acts that she knew or should have known would cause injury to Plaintiff within the State of California, and (c) the subject website, in which she actively supports and participates in the operation of, is based in and registered to a San Diego address.

5. This Court has personal jurisdiction over Defendant Kevin C. Bollaert based upon the following: (a) he operates websites on the World Wide Web that are accessible to and specifically target residents of the State of California, including Plaintiff, (b) he committed acts that he knew or should have known would cause injury to Plaintiff within the State of California, and (c) upon information and belief, he is residing within the State of California and this district.

6. This Court has personal jurisdiction over Defendant Blue Mist Media LLC based upon the following: (a) it operates websites on the World Wide Web that are accessible to and specifically target residents of the State of California, including Plaintiff, (b) it committed acts that it knew or should have known would cause injury to Plaintiff within the State of California, and (c) the relevant website is registered to a San Diego address. See Exhibit 1, the WHOIS information for <ugotposted.com>.

7. Venue in the United States District Court for the Southern District of California is proper because Defendant Kevin C. Bollaert resides within the district, the website YouGotPosted which is owned, operated, or assisted by all of the Defendants is registered in the district according to a WHOIS search (see Exhibit 1), the physical address for the Website YouGotPosted is in the district according to the Website's Terms of Use, Defendants, through their website, directed their unlawful activities into this district.

### III. Parties

### A. Plaintiff

8. Plaintiff has, at all times material hereto, been a resident of California.

9. Abbey was younger than 18 years of age at the time the sexually explicit images of her complained of in this action, which appear upon Defendants' website, were created.

10. In fact, Abbey was 14 years of age at the time the images of her engaged in the graphic lascivious exhibition of her genital or pubic area were created and distributed on the Defendants' website, and is still a minor today.

11. Elizabeth Talley, Abbey's mother, is over 18 years of age and entitled to bring this suit with and on behalf of her daughter.

### B. Defendants

#### Eric S. Chanson

12. Upon information and belief, Defendant Eric S. Chanson is an individual residing in the State of New Jersey and an operator of the YouGotPosted website.

13. Defendant Eric S. Chanson regularly communicated with and worked with Defendant Bollaert in running YouGotPosted. (Exhibit 2)

14. Eric S. Chanson is a partner with and alter-ego of Defendant Blue Mist Media LLC.

#### Roy E. Chanson

15. Upon information and belief, Defendant Roy E. Chanson is an individual residing in the State of New Jersey and the father of Defendant Eric S. Chanson.

16. Upon information and belief, Roy E. Chanson supervised, assisted, and participated in the formatting and distribution of the images appearing on the YouGotPosted website, which included the child pornography at issue in this litigation.

17. Therefore, Defendant Roy E. Chanson is alleged to be a partner of Defendants Eric S. Chanson, and Kevin C. Bollaert within and as an alter-ego of Defendant Blue Mist Media LLC.

### Amy L. Chanson

18. Upon information and belief, Defendant Amy L. Chanson is an individual residing in the State of New Jersey and the mother of Defendant Eric S. Chanson.

19. Upon information and belief, Amy L. Chanson supervised, assisted, and participated in the formatting and distribution of the images appearing on the YouGotPosted website, which include the child pornography at issue in this litigation.

20. Therefore, Defendant Amy L. Chanson is alleged to be a partner of Defendants Eric S. Chanson, and Kevin C. Bollaert within and as an alter-ego of Defendant Blue Mist Media LLC.

### Kevin C. Bollaert

21. Upon information and belief, Defendant Kevin C. Bollaert is an individual residing in San Diego, California. (Exhibits 1, 3)

22. Kevin C. Bollaert is an operator of the YouGotPosted website and has applied for a trademark for the site's mark with the United States Patent and Trademark Office. (Exhibit 3)

23. Kevin C. Bollaert is a partner with and alter-ego of Defendant Blue Mist Media LLC.

### Blue Mist Media LLC

24. Upon information and belief, Defendant Blue Mist Media LLC ("Blue Mist") is an unincorporated business entity and on information and belief is a partnership between, and alter ego of, Defendants Eric S. Chanson, Roy E. Chanson, Amy L. Chanson, and Kevin C. Bollaert.

25. Each of the individual defendants provided valuable services to Blue Mist and materially contributed to Blue Mist's operation of the YouGotPosted website along with its alter-egos.

**IV. Allegations Common to All Claims**

26. The Defendants collectively operate the website "YouGotPosted," which is available at <ugotposted.com>, its mirror site <yougotposted.com>, and permutations of these domain names including <ugotposted.org> and <ugotposted.net>.

27. YouGotPosted is a "revenge pornography" site. Revenge Pornography refers both to the nature of the site's content – depicting individuals in lascivious poses or states of undress, or engaged in sexually explicit conduct – and the means through which it is obtained: through submissions by former romantic partners seeking revenge by embarrassing their targets and distributing their intimate photographs to sites such as YouGotPosted.

28. On information and belief, YouGotPosted does not maintain records under 18 U.S.C. § 2257 despite being a primary publisher of digitally altered content.

29. Additionally, Plaintiff alleges on information and belief that YouGotPosted does not independently verify that the individuals identified on its site are over 18 years of age.

30. Prior to the commencement of this suit the Defendants distributed images of Abbey engaged in the graphic lascivious exhibition of her genital or pubic area using YouGotPosted. Visitors to the YouGotPosted site were free to comment upon and discuss these images within the website entry that contained them.

31. Defendants titled the site entry as containing nude images of "Abbey Talley" from "California," and further "tagged" the post – associating it with an index term that would categorize the site entry with others bearing the same tag – with the word "California."

32. The lewd and lascivious, sexually explicit images of Abbey that Defendants uploaded to the site revealed her in various stages of undress, including:

    a. A photo of Abbey's lasciviously displayed anus;

    b. A photo depicting the insertion of a phallic object in Abbey's lasciviously displayed anus; and

    c. A close-up photo of Abbey's lasciviously displayed genitals.

33. Upon information and belief, each and every one of these photos of Abbey has been watermarked by Defendants and bears their "You Got Posted" logo.

34. Upon information and belief, the Defendants' watermarking process is a manual procedure, requiring Defendants to individually review and add watermarks to each image found on YouGotPosted, including those of Plaintiff.

35. Abbey was younger than 18 years of age at the time each and every one of these images was created, and is younger than 18 years of age today.

36. Anonymous individuals have previously accused the Defendants of possessing and distributing child pornography in the past as well. (Exhibit 4)

37. Thus, while the events underlying this litigation are unfortunate, it is unlikely that they are novel for YouGotPosted or constitute the first time that the Defendants exploited a minor's sexually explicit images for commercial gain. To make maters worse, an FBI Agent has contacted the Defendants' website operators, via e-mail, and alerted them to the fact that Abbey is under the age of 18. Despite being made aware of their offenses by law enforcement, the Defendants' collective arrogance knows no bounds, and their conduct knows no decency, as their publication of the child pornography underlying this case continues to this day.

### V. Causes of Action

### Count One: Transporting Material Involving the Sexual Exploitation of a Minor in Violation of 18 U.S.C. § 2252(a)(1)
### Against All Defendants

38. Plaintiff re-alleges each and every preceding paragraph as if set forth in full herein.

39. Defendants knowingly transported, or caused to be transported, in interstate or foreign commerce, a visual depiction of Abbey, a minor, engaging in the graphic, lascivious exhibition of her genital or pubic area, the production of which actually involved the use of a minor engaging in graphic lascivious exhibition of her genital or pubic area.

40. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered injuries including but not limited to humiliation, embarrassment, pain and suffering, severe emotional distress, and damage to her personal and professional reputation, leading to suicidal depression.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendants' for damages, interest, attorneys' fees and costs, and such further relief as this Court deems just and proper.

**Count Two: Receiving or Distributing Material Involving Sexual Exploitation of a Minor in Violation of 18 U.S.C. § 2252(a)(2)**
**Against All Defendants**

41. Plaintiff re-alleges each and every preceding paragraph as if set forth in full herein.

42. Defendants knowingly received or distributed in interstate or foreign commerce a visual depiction of Abbey, a minor, engaged in graphic lascivious exhibition of her genital or pubic area, the production of which actually involved the use of a minor engaging in graphic lascivious exhibition of her genital or pubic area.

43. Defendants knew that at least one of the performers in the images was a minor, and knew that the images depicted a minor engaged in graphic lascivious exhibition of her genital or pubic area.

44. At the time of their actions, Defendants had actual knowledge, constructive knowledge, or were willfully blind[1] that the image constituted child pornography.

45. As a direct and proximate result of Defendants conduct, Plaintiff has suffered injuries including but not limited to humiliation, embarrassment, pain and suffering, severe emotional distress, and damage to her personal and professional reputation leading to suicidal depression.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendants for damages, interest, attorneys' fees and costs, and such further relief as this Court deems just and proper.

**Count Three: Knowingly Receiving or Distributing Child Pornography in Violation of 18 U.S.C. § 2252A(a)(2)**
**Against All Defendants**

46. Plaintiff re-alleges each and every preceding paragraph as if set forth in full herein.

---

[1] As willful blindness is the legal equivalent of actual knowledge, Defendants are charged with knowledge of the facts to which they were willfully blind.

47. Defendants knowingly received or distributed items of child pornography or material that contained child pornography, specifically the images of Abbey engaged in graphic, lascivious display of her genitals or pubic area, which had been transported in interstate or foreign commerce.

48. At the time of such reception or distribution, Defendants believed that the images constituted child pornography.

49. Even if Defendants did not have actual knowledge that the image constituted child pornography, their refusal to comply with 18 U.S.C. § 2257 rendered them willfully blind to the fact that the image was of child pornography.

50. Furthermore, an inspection of the photo of Plaintiff by a reasonable person would lead to the conclusion, or at least the strong suspicion, that Plaintiff was a minor at the time the image was created. Thus, Defendants had actual or constructive knowledge of the fact that the images of Abbey (as likely is the case with other women depicted on YouGotPosted) were child pornography.

51. At the time of Defendants actions, they had actual or constructive knowledge that the images of Abbey constituted child pornography, or were willfully blind to this fact, and thus are charged with knowledge of the facts to which they were willfully blind.

52. As a direct and proximate result of Defendants conduct, Plaintiff has suffered injuries including but not limited to humiliation, embarrassment, pain and suffering, severe emotional distress, and damage to her personal and professional reputation leading to suicidal depression.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendants for damages, interest, attorneys' fees and costs, and such further relief as this Court deems just and proper.

### Count Four: Knowingly Advertising Child Pornography
### in Violation of 18 U.S.C. § 2252A(a)(3)
### Against All Defendants

53. Plaintiff re-alleges each and every preceding paragraph as if set forth in full herein.

54. Defendants knowingly reproduced child pornography for distribution through interstate or foreign via the Internet on YouGotPosted.

55. The Defendants knowingly advertised, promoted, presented, distributed, or solicited through interstate or foreign commerce, namely by soliciting content for YouGotPosted and displaying sexually explicit images of Abbey engaged in the graphic lascivious exhibition of her genital or pubic area, material that reflected the Defendants' shared belief, or was intended to cause another to believe, that the material or purported material is or contained a visual depiction of an actual minor (namely, Abbey) engaging in sexually explicit conduct.

56. Even if the Defendants did not have actual knowledge that the images of Abbey constituted child pornography, by their refusal to comply with 18 U.S.C. § 2257, they were willfully blind to the fact that the images were of child pornography.

57. Furthermore, an inspection of the images of Abbey by a reasonable person would lead to the conclusion, or at least the strong suspicion, that Abbey was a minor (14 years old) at the time the images were created. Thus, the Defendants had actual or constructive knowledge of the fact that the images of Abbey (as likely may be the case with other women depicted on YouGotPosted) were child pornography.

58. At the time of Defendants actions, they had actual or constructive knowledge that the photos of Plaintiff constituted child pornography, or were willfully blind to this fact, and thus are charged with knowledge of the facts to which they were willfully blind.

59. As a direct and proximate result of Defendants conduct, Plaintiff has suffered injuries including but not limited to humiliation, embarrassment, pain and suffering, severe emotional distress, and damage to her personal and professional reputation.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendants for damages, interest, attorneys' fees and costs, and such further relief as this Court deems just and proper.

### Count Five: Unauthorized Publication of Likeness in Violation of California Civil Code § 3344
### Against All Defendants

60. Plaintiff re-alleges each and every preceding paragraph as if set forth in full herein.

61. Defendants have, without Plaintiff's knowledge or consent, knowingly used Abbey's image and likeness on their website.

62. Abbey was a minor at the time the image of Plaintiff Defendants used was taken, a fact Defendants knew, should have known, or were willfully blind to due to their non-compliance with 18 U.S.C. § 2257, and failed to obtain the prior consent of Abbey's parent or legal guardian before using her image or likeness.

63. Defendants derived a pecuniary benefit from their unauthorized use of Abbey's image and likeness to advertise their business and promote their service through the site's promotional banner image, all in violation of Plaintiff's rights under California Civil Code § 3344(a).

64. By their unauthorized use of Abbey's image and likeness to advertise their business and promote their service, Defendants violated Plaintiff's rights of privacy.

65. As a direct and proximate result of Defendants conduct depriving Abbey of control over her own image and likeness, Plaintiff has suffered injuries including but not limited to humiliation, embarrassment, pain and suffering, severe emotional distress, and damage to her personal and professional reputation leading to suicidal depression.

66. Plaintiff also seeks to recover as damages an amount that would have been a reasonable royalty for Defendants use of Abbey's image and likeness (had such use been legal), any profits from Defendants unauthorized use of Abbey's image and likeness, and punitive damages as authorized by statute.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendants for damages, punitive damages as allowed by Cal. Civ. Code § 3344(a), interest, attorneys' fees and costs, and such further relief as this Court deems just and proper.

**Count Six: Negligence**
**Against All Defendants**

67. Plaintiff re-alleges each and every preceding paragraph as if set forth in full herein.

68. Title 18 of the United States Code, Section 2257, sets forth record-keeping requirements applicable to anyone who produces any medium containing one or more sexually explicit images of Abbey engaged in the graphic lascivious exhibition of her genital or pubic area.

Section 2257 requires these individuals or entities to inspect a government-issued form of identification to determine the name and birth date for every performer portrayed in a depiction of actual sexually explicit conduct, and to maintain records relating to such inspection at their business premises.

69. Defendants owed Plaintiff a duty to verify Abbey's identity and birth date prior to distributing through interstate commerce the images of her engaged in the graphic, lascivious exhibition of her genital or pubic area.

70. Defendants breached this duty to Plaintiff by failing to verify Abbey's identity or birth date prior to posting the images of her engaged in sexually explicit conduct on the Internet.

71. As a result of the Defendants' conduct, Plaintiff has suffered severe emotional distress, humiliation, embarrassment, pain and suffering, and damage to her personal and professional reputation leading to suicidal depression.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against all the Defendants for damages, interest, costs, and such further relief as this Court deems just and proper.

**Count Eight: Invasion of Privacy –**
**Misappropriation of Likeness in Violation of California's Common Law**
**Against All Defendants**

72. Plaintiff re-alleges each and every preceding paragraph as if set forth in full herein.

73. Plaintiff is a citizen of the state of California, and Defendants either actually knew, or should have known of her status as a California citizen, or were willfully blind to this fact, and thus are charged with knowledge of the facts to which they were willfully blind. Accordingly, the Defendants are properly subject to the imposition of California law and, specifically, California's common law governing the misappropriation of one's image and likeness, in this action.

74. Upon information and belief, Defendants have used Abbey's image and likeness on their website without Plaintiff's consent.

75. Defendants gained pecuniary benefit from the unauthorized use of Plaintiff's image and likeness to advertise their business and promote their service, all in violation of Plaintiff's rights.

76. By their unauthorized use of Plaintiff's image and likeness to promote their service, Defendants invaded Plaintiff's rights of privacy.

77. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered injuries including but not limited to humiliation, embarrassment, pain and suffering, severe emotional distress, and damage to her personal and professional reputation leading to suicidal depression.

78. Plaintiff also seeks to recover as damages an amount that would have been a reasonable royalty for Defendants use of Abbey's image and likeness (had such use been legal).

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendants for damages, interest, attorneys' fees and costs, and such further relief as this Court deems just and proper.

### Count Nine: Temporary and Permanent Injunctive Relief and Constructive Trust Against All Defendants

79. Plaintiff re-alleges each and every preceding paragraph as if set forth in full herein.

80. The Defendants' actions as described herein have resulted in immediate and serious injury to Plaintiff.

81. An award of monetary damages alone cannot fully compensate Plaintiff for the injuries sustained due to Defendants' actions, and there is no adequate remedy at law available to Plaintiff.

82. Plaintiff will be irreparably injured unless Defendants are enjoined from further violations of the law, as described above.

WHEREFORE, Plaintiff respectfully requests that the Court enter a temporary and permanent injunction restraining and enjoining Defendants, their agents, servants, employees, and anyone else in active concert and participation with Defendants, from further possession, use, sale, advertisement, distribution, transportation, reproduction, or any other action involving the photo of Plaintiff underlying this action.

//
//
//

**VI. Jury Trial Demand**

Plaintiff demands a trial by jury on all claims so triable.

Dated: May 27, 2012

                              Respectfully Submitted,

                              /s/ Marc J. Randazza

Marc J. Randazza, Esq., (Cal Bar No. 269535)
Christopher A. Harvey, Esq. (Cal. Bar No. 261986)
Randazza Legal Group
6525 W. Warm Springs Rd., Ste. 100
Las Vegas, NV 89118
888-667-1113
305-437-7662 (fax)
ecf@randazza.com

*Attorney for Plaintiffs*