```
ROY E. CHANSON
21 Coneflower Lane
Princeton Junction,
New Jersey 08550

AMY L. CHANSON
21 Coneflower Lane
Princeton Junction,
New Jersey 08550
```

NUNC PRO TUNC
SEP. - 3 2013

FILED
2013 SEP 10  AM 11: 21

BY _____ DEPUTY

*Defendants – appearing Pro se*

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABIGAIL TALLEY, a minor, through her mother ELIZABETH TALLEY<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>ERIC S. CHANSON, an individual;<br>ROY E. CHANSON, an individual;<br>AMY L. CHANSON, an individual;<br>KEVIN C. BOLLAERT, an individual;<br>BLUE MIST MEDIA, LLC. a limited-liability company of unknown origin, d/b/a "YOUGOTPOSTED",<br><br>　　　　　　　　Defendants. | Case No. :<br>13-cv-1238 CAB BLM<br><br>**DEFENDANT ROY E. CHANSON'S AND DEFENDANT AMY L. CHANSON'S MOTION TO DISMISS COMPLAINT AGAINST THEM PURSUANT TO RULE 12(b)(2); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>DECLARATIONS OF ROY E. CHANSON AND AMY L. CHANSON FILED CONCURRENTLY<br><br>Hearing Date:<br>Time:<br>Place:<br>Location: |

MOTION TO DISMISS

[0:00 AM] DRAFT

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on _____ ____, 2013, at _____ a.m., or as soon thereafter as counsel may be heard in Courtroom No. _____ of the above-entitled Court, located at 221 West Broadway, Suite 4165, San Diego, California 92101, Defendants Roy E. Chanson and Amy L. Chanson (the "Chanson Defendants"), will, and hereby do, move the Court for an order dismissing Defendants Roy E. Chanson and Amy L. Chanson pursuant to Federal Rule of Civil Procedure 12(b)(2), for lack of personal jurisdiction. The Chanson Defendants move for dismissal on thgrounds that this Court lacks personal jurisdiction over them.

MOTION TO DISMISS
2

**MOTION TO DISMISS PURSUANT TO RULE 12(b)(2)**

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, Defendants Roy E. Chanson and Amy L. Chanson (the "Chanson Defendants"), appearing *pro se*, respectfully move this Court to dismiss the Plaintiff's case against them for lack of personal jurisdiction. This Motion is based on the following memorandum of points and authorities, the declarations of the Chanson Defendants, and the pleadings filed in this action.

DATED this 29 day of August 2013.

_____
**ROY E. CHANSON**

21 Coneflower Lane
Princeton Junction,
New Jersey 0818
*Defendant*

_____
**AMY L. CHANSON**

21 Coneflower Lane
Princeton Junction,
New Jersey 0818
*Defendant*

**MOTION TO DISMISS PURSUANT TO RULE 12(b)(2)**

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, Defendants Roy E. Chanson and Amy L. Chanson (the "Chanson Defendants"), appearing *pro se*, respectfully move this Court to dismiss the Plaintiff's case against them for lack of personal jurisdiction. This Motion is based on the following memorandum of points and authorities, the declarations of the Chanson Defendants, and the pleadings filed in this action.

DATED this 29 day of August 2013.

_____
**ROY E. CHANSON**

21 Coneflower Lane
Princeton Junction,
New Jersey 0818
*Defendant*

_____
**AMY L. CHANSON**

21 Coneflower Lane
Princeton Junction,
New Jersey 0818
*Defendant*

## MEMORANDUM OF POINTS AND AUTHORITIES

### BACKGROUND

This action arises from the alleged distribution of allegedly pornographic photographs of the Plaintiff taken when she was under the age of eighteen. The Plaintiff contends that the Chanson Defendants, along with the other defendants, distributed allegedly lewd and lascivious images of the Plaintiff through a website. However, the Plaintiff does not and cannot ascertain that the Chanson Defendants are in any way associated with the website on which the photographs allegedly appeared. All the Plaintiff's allegations against the Chanson Defendants are "upon information and belief." *See* Complaint ¶ 15 – 20. Additionally, neither of the Chanson Defendants resides in the state of California. *See* Declaration of Roy E. Chanson ("Roy Decl.") ¶1 and Declaration of Amy L. Chanson ("Amy Decl.") ¶1.

### STANDARD OF REVIEW

The Chanson Defendants move this Court to dismiss this case under Rule 12(b)(2) (lack of personal jurisdiction). When a defendant moves to dismiss under Fed. R. Civ. P.12(b)(2), the plaintiff bears the burden of demonstrating that the court may properly exercise personal jurisdiction over the defendant. *Pebble Beach Co. v. Caddy,* 453 F.3d 1151, 1154 (9th Cir. 2006); *Bohara v. Backus Hosp. Medical Benefit Plan,* 390 F.Supp.2d 957, 961 (C.D. Cal. 2005); *Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 800 (9th Cir. 2004). Absent formal discovery or an

evidentiary hearing, plaintiff need make only a prima facie showing that jurisdiction exists to survive a Rule 12(b)(2) motion to dismiss. *Pebble Beach*, 453 F.3d at 1154; *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002). However, the Plaintiff must bear this burden for each of the defendants individually and it is not enough to meet the burden for any one of the defendants only. *See Calder v. Jones*, 465 U.S. 783, 790, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984) ("Each defendant's contacts with the forum State must be assessed individually").

Uncontroverted allegations in the complaint must be taken as true. *AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir.1996). However, the court may not assume the truth of such allegations if they are contradicted by affidavit or discovery materials. *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1284 (9th Cir.1977).

## ARGUMENT

Where no applicable federal statute indicates otherwise, a district court has personal jurisdiction over a nonresident defendant to the extent that the law of the forum state constitutionally provides. *See Data Disc, Inc. v. Systems Tech. Assoc., Inc.*, 557 F.2d 1280, 1286 (9th Cir.1977). California law permits courts to exercise jurisdiction to the full extent authorized by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Cal.Civ.Proc.Code § 410.10; Data Disc*, 557 F.2d at 1286 n. 3. The Due Process Clause, in turn, has

been interpreted to authorize the exercise of personal jurisdiction over a nonresident defendant if that defendant has "minimum contacts" with the forum state such that maintenance of the suit "does not offend 'traditional notions of fair play and substantial justice.'" *See International Shoe Co. v. State of Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (*citation omitted*); *see also Data Disc*, 557 F.2d at 1287.

"Where, as here, no federal statute authorizes personal jurisdiction, the district court applies the law of the state in which the court sits." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011). California's long-arm statute has the same due process requirements as the federal long-arm statute. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir.2004). Under California's long-arm statute, federal courts sitting in California may exercise personal jurisdiction over any non-resident to the extent permitted by the Due Process Clause of the United States Constitution. Cal. Code Civ. P. § 410.10; *Core-Vent v. Nobel Industries AB,* 11 F.3d 1482, 1484 (9th Cir. 1993). Accordingly, the "general rule is that personal jurisdiction over a defendant is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process." *Pebble Beach,* 453 F.3d at 1154-55 (citing *Fireman's Fund Ins. Co. v. Nat. Bank of Coops.,* 103 F.3d 888, 893 (9th Cir.1996)).

The Fourteenth Amendment's Due Process Clause permits courts to exercise personal jurisdiction over any defendant who has sufficient "minimum contacts" with the forum that the "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945).

The Chanson Defendants are out-of-state defendants and the Plaintiff has failed to show in her Complaint that the Chanson Defendants are amenable to suit in this district. Personal jurisdiction over a nonresident of the forum state can be either "general" or "specific." If the nonresident defendant's contacts with the forum state are "substantial" or "continuous and systematic," the defendant is subject to "general jurisdiction" in the forum state even if the cause of action is unrelated to the defendant's activities within the state. *See Helicpteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984); *Data Disc*, 557 F.2d at 1287. Where the defendant's activities within the forum are not so pervasive as to subject it to general jurisdiction, the defendant still may be subject to specific jurisdiction depending upon the nature and quality of its contacts in relation to the cause of action. *See Data Disc*, 557 F.2d at 1287. Under either theory, the Plaintiff bears the burden of proof on the jurisdictional facts. *Rio Properties, Inc. v. Rio Intl Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002).

Before the Court can exercise general jurisdiction over the Chanson Defendants, Plaintiff must allege facts sufficient to demonstrate that each of the Chanson Defendants have "continuous and systematic business contacts" with the forum state, such that the exercise of jurisdiction is reasonable and just. *Helicopteros Nacionales,* 466 U.S. at 415. This "minimum contacts" standard for establishing general jurisdiction is high, requiring that Defendants' contacts approximate physical presence in the forum state. *Bancroft & Masters, Inc. v. Augusta National Inc.,* 223 F.3d 1082, 1086 (9th Cir. 2000). "This is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be hauled into court in the forum state to answer for any of its activities anywhere in the world." *Schwarzenegger,* 374 F.3d at 801(citation omitted). Plaintiff fails to meet this pleading standard. Plaintiff has not satisfied the "exacting" standard necessary to establish general jurisdiction.

The Plaintiff has not shown or even alleged that the Chanson Defendants have extensive in-state contacts with California or that they conduct any activities within the state – let alone substantial and continuous activities. *Pebble Beach Co. v. Caddy,* 453 F.3d 1151, 1154 (9th Cir. 2006) ("the plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant."). Plaintiff has not met her burden and this Court has no general *in personam* jurisdiction over the Chanson Defendants.

The Court of Appeals for the Ninth Circuit applies a three-part test to determine if a defendant's contacts are sufficiently related to the forum state to permit a court to exercise specific jurisdiction over a defendant: 1) the nonresident defendant must do some act or consummate some transaction within the forum or perform some act by which the defendant purposefully avails itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protection of its laws; 2) the claim must be one which arises out of or results from the defendant's forum-related activities; and 3) the exercise of jurisdiction must be reasonable. *See Bancroft & Masters, Inc. v. Augusta National Inc.,* 223 F.3d 1082 (9th Cir.2000); *Panavision Int'l, L.P. v. Toeppen,* 141 F.3d 1316, 1320 (9th Cir.1998); *Cybersell, Inc. v. Cybersell, Inc.,* 130 F.3d 414, 416 (9th Cir.1997); *Schwarzenegger,* 374 F.3d at 802. "If any of the three requirements is not satisfied, jurisdiction in the forum would deprive the defendant of due process of law." *Omeluk v. Langsten Slip & Batbyggeri A/S,* 52 F.3d 267, 270 (9th Cir.1995).

The Plaintiff here fails to set forth any legal or factual basis that supports a minimal *prima facie* showing of personal jurisdiction over the Chanson Defendants. There is nothing before the Court which shows the purposeful availment of these two defendants with this forum or which shows that any of the specifically alleged conduct of these two defendants arose out of any contact with California, had any consequence within California, or was sufficient to make the exercise of personal

jurisdiction over these two defendants reasonable. The Plaintiff does not allege that the Chanson Defendants have taken any specific action in the state of California and the Plaintiff does not allege that the Chanson Defendants have ever been in the state of California.

Minimum contacts may be established through a defendant's purposeful availment of the benefits and protections of California's laws. *Asahi Metal Indus. Co. v. Superior Court of California*, 480 U.S. 102, 109, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987), or the effects test, which looks at whether the harm allegedly caused by the Chanson Defendants, if any, is intentional and *aimed at California, Calder v. Jones,* 465 U.S. 783, 788-790, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984); *Core Vent Corp. v. Nobel Indus.* AB, 11 F.3d 1482, 1485-86 (9th Cir. 1993); *Rio Properties, Inc. v. Rio Intern. Interlink,* 284 F.3d 1007, 1019-1020 (9th Cir. 2002).

Here, the Chanson Defendants had nothing to do with the website in question or the business activities of any of the other defendants in this action. *See* Roy Decl. ¶¶ 6-17 and Amy Decl. ¶¶ 6-17. The Plaintiff's self-serving statements that the Chanson Defendants "actively participate[], and materially assist[] Eric S. Chanson, in operating websites on the World Wide Web" are insufficient to establish the Chanson Defendants association with the website in question in this action. Complaint ¶ 3-4. The Plaintiff jumps from an allegation that "upon information and belief, Roy E. Chanson supervised, assisted, and participated in formatting and

distribution of the images appearing on the YouGotPosted website, which include the child pornography at issue in this litigation," to a confirmation that therefore, Roy E. Chanson is a partner of defendants Eric S. Chanson and Kevin C. Bollaert, and an alter-ego of defendant Blue Mist Media LLC. Complaint ¶ 16-17. The Plaintiff makes the same leap with regard to the status of Amy L. Chanson. Complaint ¶ 19-20. *See, e.g., Escude Cruz v. Ortho Pharm. Corp.*, 619 F.2d 902, 905 (1st Cir.1980) (Holding that conclusory allegations of an alter ego relationship are not sufficient to establish jurisdiction); *see also*, *Amba Mktg. Sys. Inc. v. Jobar Int'l. Inc.*, 551 F.2d 784, 787 (9th Cir. 1977) *(stating* that plaintiff cannot "simply rest on the bare allegations of its complaint"). Accordingly, the Plaintiff's Complaint against the Chanson Defendants should be dismissed.

## CONCLUSION

In light of the foregoing, the Chanson Defendants respectfully request that this Court dismiss the Plaintiff's Complaint against them and consider and grant the Chanson Defendants' Motion for Sanctions which the Chanson Defendants anticipate filing after the expiration of the 21-day safe harbor afforded under Rule 11.

DATED this __29__ day of __August__ 2013.

1
2  _____/s/ Roy E. Chanson_____
3  **ROY E. CHANSON**
4                                        21 Coneflower Lane
                                         Princeton Junction,
5                                        New Jersey 0818
6                                        *Defendant*
7
8  _____/s/ Amy L. Chanson_____
9  **AMY L. CHANSON**
10                                       21 Coneflower Lane
                                         Princeton Junction,
11                                       New Jersey 0818
12                                       *Defendant*
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

We, Roy E. Chanson and Amy L. Chanson, declare under penalty of perjury that we served a complete, true and correct copy of the foregoing **MOTION TO DISMISS, MEMORANDUM OF POINTS AND AUTHORITIES, DECLARATION OF ROY E. CHANSON AND DECLARATION OF AMY L. CHANSON** upon all other parties in this case by overnight express mail to the following on _August 30_, 2013.

Marc J. Randazza
Christopher A. Harvey
Randazza Legal Group
6525 W. Warm Springs Rd.
Ste. 100
Las Vegas, Nevada 89118
888-667-1113
*Attorneys for Plaintiff*

Eric S. Chanson
21 Coneflower Lane
Princeton Junction,
New Jersey 08550
*Defendant*

Blue Mist Media LLC
d/b/a YouGotPosted
c/o Domains by Proxy LLC
14747 N. Northsight Blvd.
Suite 111, PMB 309
Scottsdale, Arizona 85260
*Defendant*

Dated: _August 29, 2013_

_____
Roy E. Chanson

*Amy L. Chanson* (signature)
Amy L. Chanson

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MOTION TO DISMISS
14