ROY E. CHANSON
21 Coneflower Lane
Princeton Junction,
New Jersey 08550

AMY L. CHANSON
21 Coneflower Lane
Princeton Junction,
New Jersey 08550

NUNC PRO TUNC
SEP - 3 2013

2013 SEP 10 AM 11: 21

Defendants – appearing Pro se

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABIGAIL TALLEY, a minor, through her mother ELIZABETH TALLEY<br><br>Plaintiff,<br><br>v.<br><br>ERIC S. CHANSON, an individual;<br>ROY E. CHANSON, an individual;<br>AMY L. CHANSON, an individual;<br>KEVIN C. BOLLAERT, an individual;<br>BLUE MIST MEDIA, LLC. a limited-liability company of unknown origin, d/b/a "YOUGOTPOSTED",<br><br>Defendants. | Case No. :<br>13-cv-1238 CAB BLM<br><br>**DEFENDANT AMY L. CHANSON'S DECLARATION IN SUPPORT OF HER AND ROY E. CHANSON'S MOTION TO DISMISS**<br><br><br><br>Hearing Date:<br>Time:<br>Place:<br>Location: |

## AMY L. CHANSON'S DECLARATION
## IN SUPPORT OF MOTION FOR SANCTIONS

Pursuant to 28 U.S.C. § 1746, I, Amy L. Chanson, declare the following:

1. I am an individual residing in Princeton Junction, New Jersey. I am not now nor ever have been a resident of California.

2. I have been named a defendant in this action, I reside at 21 Coneflower Lane, Princeton Junction, New Jersey 08550 along with my husband, Roy E. Chanson.

3. I make this statement in support of the Motion for Sanctions served by myself and Roy E. Chanson ("Roy") on August 13, 2013, and to be filed after the 21-day statutory safe harbor period. Unless otherwise stated, I make all the statements of fact in this declaration based on my own personal knowledge.

4. Eric S. Chanson ("Eric") another defendant in this action, is my son.

5. Eric resides with me in Princeton Junction.

6. I have no first-hand knowledge of Eric's business activities. What knowledge I have has come from several lawsuits that have been filed against Eric in various jurisdictions, and I have no knowledge of the veracity of the statements made in those suits.

7. I have never participated or assisted Eric in any of his business activities.

8. I am not in any form of business partnership with Eric.

9. I am not in any form of business partnership with Kevin C. Bollaert, another defendant in this action.

10. I am not in any way involved with Blue Mist Media LLC, another defendant in this action. I am not an officer or partner or member of the LLC. I am not involved in any of the activities of the LLC.

11. I have never received any pecuniary benefit from any of Eric's business activities.

12. I have never received any pecuniary benefit from Kevin C. Bollaert's business activities.

13. I have never received any pecuniary benefit from Blue Mist Media LLC.

14. I had never heard of the website, "YouGotPosted," prior to reviewing the complaint in this action. I do not operate said website.

15. I have never supervised, assisted or participated in formatting and distributing any photographs appearing on YouGotPosted.

16. In fact, it would have been repugnant to me to see any such photographs, and it is repugnant to me that such photographs are being distributed in the manner of the YouGot Posted website, i.e., as "revenge pornography," or in any manner.

17. Prior to filing of this lawsuit, I had never seen any photographs of the Plaintiff in this action, Abigail Talley. I have never handled, formatted, watermarked or distributed any photographs of Abigail Talley and have no knowledge of Abigail Talley except what has been stated in her complaint, and I have no knowledge of the veracity of those statements.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 29 day of August 2013

_____
Amy L. Chanson

MOTION TO DISMISS

3