Marc J. Randazza, Cal. Bar No. 269535
Christopher A. Harvey, Cal. Bar No. 261986
RANDAZZA LEGAL GROUP
3625 S. Town Center Drive, Suite 150
Las Vegas, NV 89135
Telephone: 702-420-2001
Facsimile: 305-437-7662
ecf@randazza.com

Attorneys for Plaintiff,
Abigail (Abbey) Talley, through her mother, Elizabeth Talley

# IN THE UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABIGAIL TALLEY, a minor, through her mother ELIZABETH TALLEY,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>ERIC S. CHANSON, an individual;<br>ROY E. CHANSON, an individual;<br>AMY L. CHANSON, an individual;<br>KEVIN C. BOLLAERT, an individual;<br>BLUE MIST MEDIA, LLC, a limited-liability company of unknown origin, d/b/a "YOUGOTPOSTED,"<br><br>　　　　　　Defendants. | Case No. 3:13-cv-01238-CAB-BLM<br><br>**PLAINTIFF'S *EX PARTE* MOTION TO EXTEND TIME TO SERVE DEFENDANT KEVIN BOLLAERT AND DEFENDANT BLUE MIST MEDIA, LLC** |

**PLAINTIFF'S MOTION TO EXTEND TIME TO SERVE**

**DEFENDANT KEVIN BOLLAERT**

　　Plaintiff Abigail Talley, a minor, through her mother Elizabeth Talley, respectfully moves this Court for an additional 10 days to effect service upon Kevin Bollaert and Defendant Blue Mist Media, LLC.  For the reasons set forth in this Motion, the accompanying declaration, and any oral argument this Court may allow, good cause is present to allow Plaintiff additional time to effect service on all Defendants.

- 1 -

Randazza
Legal Group
3625 S. Town Center
Drive, Suite 150
Las Vegas, NV 89135
(888) 667-1113

1.  Plaintiff commenced this action to redress the harms caused when lewd and lascivious photos of her were placed on the website YouGotPosted/UGotPosted without Plaintiff's consent. While Plaintiff was able to successfully serve the Chanson Defendants, she has thus far been unable to effect service completely on Defendant Bollaert.

2.  Under Federal Rule of Civil Procedure, Rule 4(m), Plaintiff is allowed 120 days from the filing of her Complaint (ECF #1) to effect service on the Defendants. Plaintiff filed her Complaint on May 28, 2013. The deadline to effect service on the Defendants is September 25, 2013. However, upon a showing of good cause, this deadline may be extended. Fed. R. Civ. P. 4(m); *Henderson v. U.S.*, 512 U.S. 654, 661-62 (1996) (finding that Rule 4(m)'s 120-day allowance "operates not as an outer limit subject to reduction, but as an irreducible allowance"). Plaintiff files this motion before the expiration of her 120-day deadline under Rule 4(m) in order to seek an additional 10 days to finalize the steps necessary to proceed with this litigation.

3.  As set forth below, Plaintiff has attempted to gather the information necessary to serve Bollaert without the need for motion practice before this Court. However, the manifest need for judicial intervention requires Plaintiff to seek a short extension from this Court to perfect service so that she can obtain the judicial relief necessary to move forward with the litigation against Defendant Bollaert. Attempts to discover Defendant Bollaert's true physical whereabouts have thus far been unsuccessful. While any extension is a matter of the Court's discretion, diligence in pursuing litigation when another party's actions have made service extremely difficult or impossible historically militates in favor of extending Rule 4(m)'s deadline to effect service of process.

4.  Since June 2013, Plaintiff attempted to effect personal service on Defendant Bollaert at a residential address in Illinois where he was previously known to live. *See* Attachment to Motion to Extend Time for Service Declaration of Due Diligence ("Decl. Diligence"). Upon learning that Defendant had moved, Plaintiff discontinued her efforts in Illinois and began searching for the location of Defendant Bollaert in California. *See id.*, at ¶4-5.

Randazza
Legal Group
3625 S. Town Center
Drive, Suite 150
Las Vegas, NV 89135
(888) 667-1113

5. Furthermore, Plaintiff also previously attempted to communicate with the other Defendants in this case to determine Defendant Bollaert's location. However, Plaintiff's counsel has been unable to communicate directly with the other Defendants at this time.

6. Plaintiff's counsel found several sources indicating that Defendant Bollaert could be served at 1765 Garnet Avenue, Suite 27, San Diego, CA 92109 –which leads to a commercial mail receiving facility, offering private post office boxes. *See* Decl. Diligence, at ¶5. Counsel for Plaintiff found this address on a search for trademarks with the United States Patent and Trademark Office, the WhoIs registration records for the YouGotPosted/UGotPosted domain names and the "Contact" page of the YouGotPosted/UGostPosted website. *See id.*

7. On September 13, 2013, Plaintiff initiated service of Defendant Bollaert under a provision of California law that allows service in this action by virtue of his ownership of a privately or commercially owned mail office box within the state. *See* Fed. R. Civ. P. 4(e)(1) (authorizing service of process to be made in accordance with the laws of the state where service occurs); Cal. Code Civ. Pro. ("CCP") § 415.20(b) (allowing for service of process at a private mail box as a regular place of business); Cal. Bus. & Prof. Code § 17538.5 (mandating that customers of a commercial mail receiving agency must sign an agreement which authorizes the owner or operator of the agency to act as agent for service of process for that customer for a period of up to two (2) years after termination of services); *see also Hearn v. Howard* (2009) 177 Cal.App.4th 1193, 1201-05 (approving service of process to a private mail box facility under CCP § 415.20); *Ellard v. Conway* (2001) 94 Cal.App.4th 540, 546-47 (finding that a private/commercial post office box was a "usual mailing address" for proper service under § 415.20).

8. Plaintiff has already retained a process server and served papers to the agent for service of process at the facility as required by California Civil Procedure Code § 415.20(b).

9. However, this process requires ten days to fully complete service, and California law will not consider service complete until after the period for Plaintiff to serve Bollaert has expired in this action. *See* California Civil Procedure Code § 415.20 (b) (considering service of

Randazza
Legal Group
3625 S. Town Center
Drive, Suite 150
Las Vegas, NV 89135
(888) 667-1113

- 3 -

process complete on the tenth day after mailing). Accordingly, to complete service on Defendant Bollaert—which has already been initiated and needs only time to be completed—Plaintiff requests a brief extension of the 4(m) period so service can be completed on Defendant Bollaert.

10. The 120-day deadline for service is September 25, 2013. The process server physically served the papers at the location on September, 13, 2013. (See ECF 34). The papers were mailed September 16, 2013. (*Id.*) Under California law, service will be effective on September, 26, 2013, one day after the expiration of the 120-day deadline. Therefore, Plaintiff requests only a short, 10-day extension of the deadline to serve Defendant Bollaert.

11. Based on Defendant Bollaert's evasion of service, the extended time required under California for service to be considered valid, and Plaintiff's actions in commencing service on Bollaert before the termination of the period for service of process, Plaintiff respectfully requests a brief extension so that the in-progress service on Defendant Bollaert may be completed.

12. Additionally, in researching Defendant Blue Mist Media, LLC, Plaintiff believes that it may be a fictitious entity set up by the other Defendants, or an unregistered company. Nevertheless, Plaintiff requests an additional 10 days with which to serve Blue Mist Media by certified mail with return receipt under California Civil Procedure Code § 415.40.

## CONCLUSION

Plaintiff requests an extension of time to complete service for all Defendants until October 5, 2013. As discussed in the foregoing sections, good cause is present: This service upon Defendant Bollaert is already in progress and needs only a brief amount of time to be completed. Defendant Bollaert was previously unknown and the time necessary to effect service upon Defendant Bollaert under Federal Rules of Civil Procedure, Rule 4, should be extended. To complete service and continue with this litigation, Plaintiff respectfully requests the 10-day extension so that her already commenced efforts to serve Defendant Bollaert will not be frustrated.

//

- 4 -

| | |
|---|---|
| Dated: September 23, 2013 | Respectfully Submitted,<br><br>RANDAZZA LEGAL GROUP<br><br>/s/ Christopher A. Harvey<br>Marc J. Randazza (Cal. Bar No. 261986)<br>Christopher A. Harvey (Cal. Bar No. 261986)<br>Randazza Legal Group<br>3625 S. Town Center Drive, Suite 150<br>Las Vegas, NV 89135 |

Randazza
Legal Group
3625 S. Town Center
Drive, Suite 150
Las Vegas, NV 89135
(888) 667-1113

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I am a representative of Randazza Legal Group and that on this 23rd day of September, 2013, I caused documents entitled:

- Plaintiff's Ex Parte Motion to Extend Time for Service

to be served as follows:

[ X ] by depositing same for mailing in the United States Mail, in a sealed envelope addressed to Defendants' known addresses; and/or

[ ] Pursuant to Fed. R. Civ. P. 5(b)(2)(D), to be sent via facsimile as indicated; and/or

[ ] to be hand-delivered;

[ ] by the Court's CM/ECF system.

_____
an employee of Randazza Legal Group