ROY E. CHANSON
21 Coneflower Lane
Princeton Junction,
New Jersey 08550

AMY L. CHANSON
21 Coneflower Lane
Princeton Junction,
New Jersey 08550

*Defendants – appearing Pro se*

NUNC PRO TUNC
SEP 2 7 2013

13 OCT -2 AM 9:26

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABIGAIL TALLEY, a minor, through her mother ELIZABETH TALLEY,<br><br>Plaintiff,<br><br>v.<br><br>ERIC S. CHANSON, an individual;<br>ROY E. CHANSON, an individual;<br>AMY L. CHANSON, an individual;<br>KEVIN C. BOLLAERT, an individual;<br>BLUE MIST MEDIA, LLC. a limited-liability company of unknown origin, d/b/a "YOUGOTPOSTED",<br><br>Defendants. | Case No. :<br>13-cv-1238 CAB BLM<br><br>**DEFENDANT ROY E. CHANSON'S AND DEFENDANT AMY L. CHANSON'S MOTION FOR SANCTIONS PURSUANT TO RULE 11 AND MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>DECLARATIONS OF ROY E. CHANSON AND AMY L. CHANSON FILED CONCURRENTLY |

MOTION FOR SANCTIONS

## MOTION FOR SANCTIONS PURSUANT TO RULE 11

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, Defendants Roy E. Chanson and Amy L. Chanson (the "Chanson Defendants"), appearing *pro se*, respectfully move this Court for entry of an order of sanctions against Mr. Marc J. Randazza ("Randazza") and Christopher A. Harvey ("Harvey"), attorneys for the Plaintiff, a minor, and their respective law firms. Randazza and Harvey, members of the California Bar, signed the Plaintiff's Complaint without properly investigating the facts and thereby ascertaining that the Chanson Defendants are not involved with the website or company at the heart of the Plaintiff's claims. This Motion is supported by the accompanying memorandum of points and authorities, the declarations of the Chanson Defendants, and the pleadings on file in this action.

DATED this 21 day of Sept. 2013.

_____
**ROY E. CHANSON**

*Defendant*

_____
**AMY L. CHANSON**

*Defendant*

MOTION FOR SANCTIONS
2

***Defendant***

## MOTION FOR SANCTIONS PURSUANT TO RULE 11

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, Defendants Roy E. Chanson and Amy L. Chanson (the "Chanson Defendants"), appearing *pro se*, respectfully move this Court for entry of an order of sanctions against Mr. Marc J. Randazza ("Randazza") and Christopher A. Harvey ("Harvey"), attorneys for the Plaintiff, a minor, and their respective law firms. Randazza and Harvey, members of the California Bar, signed the Plaintiff's Complaint without properly investigating the facts and thereby ascertaining that the Chanson Defendants are not involved with the website or company at the heart of the Plaintiff's claims. This Motion is supported by the accompanying memorandum of points and authorities, the declarations of the Chanson Defendants, and the pleadings on file in this action.

## MEMORANDUM OF POINTS AND AUTHORITES

## BACKGROUND

This action arises from the alleged distribution of allegedly pornographic photographs of the Plaintiff taken when she was under the age of eighteen. The Plaintiff contends that the Chanson Defendants, along with the other defendants, distributed allegedly lewd and lascivious images of the Plaintiff through a website. However, the Plaintiff does not and cannot ascertain that the Chanson Defendants are in any way associated with the website on which the photographs allegedly appeared. All the Plaintiff's allegations against the Chanson Defendants are "upon information and belief." *See* Complaint ¶15 – 20. As Randazza and Harvey are aware, there is no legal or factual basis for joining the Chanson Defendants in this action, and accordingly, the Chanson Defendants are entitled to Rule 11 sanctions against Randazza and Harvey for filing the Complaint in this action. *Gutierrez v. Fox*, 141 F.3d 425, 427 (2d Cir. 1998) ("If an attorney alleges jurisdiction when reasonable inquiry would show that it did not exist, he may be held liable for sanctions substantial in amount. *See International Shipping Co., S.A. v. Hydra Offshore, Inc.*, 875 F.2d 388, 390 (2d Cir.1989); *Oliveri v. Thompson*, 803 F.2d 1265, 1275 (2d Cir.1986); *Weisman v. Rivlin*, 598 F.Supp.724, 726 (D.D.C.1984)").

## STANDARD

...

Rule 11 requires that "allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." Rule 11(b)(3). Similarly, it requires that "the claims . . . and other legal contentions therein are warranted by existing law or by a non frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law."Rule 11(b)(2). Finally, it requires that a paper "not be[] presented for any improper purpose, such as to harass." Rule 11(b)(1).

Rule 11 makes every signature on a pleading, motion or other paper a certification of merits of the documents signed and authorizes sanctions for violation of the certification. Fed.R.Civ. P. 11. Any signing party has "an affirmative duty to conduct a reasonable inquiry into the facts and the law before filing."*Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, 498 U.S. 533, 551 (1991). An attorney's signature on a complaint is tantamount to a warranty that the complaint is well grounded in fact and existing law (or proposes a good faith extension of the existing law) and that it is not filed for an improper purpose. *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir, 2002); *Truesdell v. Southern California Permanente Medical Group*, 293 F.3d 1146, 1153 (9th Cir. 2002). "'Rule 11explicitly and unambiguously imposes an affirmative duty on each attorney to conduct a reasonable inquiry into the viability of a pleading before it is signed.'"

*Gutierrez v. Fox*, 141 F.3d 425, 427 (2d Cir. 1998), *quoting Eastway Construction Corp. v. City of New York*, 762 F.2d 243, 253 (2d Cir. 1985). "Reasonable inquiry" requires attorneys to seek credible information rather than proceed on mere suspicions or supposition. *California Architectural Building Products v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir. 1987); *see also Cabell v. Petty*, 810 F.2d 463, 466 (4th Cir. 1987) (lawsuit cannot be used as a "speculative effort to find someone [ ] liable for plaintiff's injuries"). Thus, "a complaint containing allegations unsupported by any information obtained prior to filing, or allegations based on information which minimal factual inquiry would disprove, will subject the author to sanctions." *In re Kunstler*, 914 F.2d 505, 516 (4th Cir. 1990).

It is not acceptable to file suit first and find out later whether or not the plaintiff has a case against the defendant. *See Hale v. Harney*, 786 F.2d 688, 692 (5th Cir. 1986). "It is not permissible to file suit and use discovery as the sole means of finding out whether you have a case. . . . Rule 11 requires independent inquiry." *Szabo Food Service, Inc. v. Canteen Corp.*, 823 F.2d 1073, 1083 (7th Cir. 1987); *see also, Albright v. Upjohn*, 788 F.2d 1217, 1221 (6th Cir. 1986) (Rule 11 "stresses the need for some pre filing inquiry into both the facts and the law to satisfy the affirmative duty imposed by the rule.").

Thus, Rule 11 authorizes "the imposition of sanctions upon a finding that a factual allegation has no evidentiary support, unless there was a specific disclaimer

that additional investigation was necessary."*O'Brien v. Alexander*, 101 F.3d 1479, 1489 (2d Cir. 1996). Accordingly, "[f]actual allegations on information and belief are proper only if they are *specifically identified* as 'likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.'" Hon. William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial, ¶ 17:55 at 17-24.2 (Rutter Group 1999) (emphasis in original), *quoting* Fed.R. Civ. P. 11(b)(3); *accord* 2 Moore's Federal Practice §11.11[9][a] at 11-36 (3d ed. 2001). "A litigant is not relieved from its obligation to conduct an appropriate investigation into the facts that is 'reasonable under the circumstances.'" Schwarzer, Federal Civil Procedure Before Trial, ¶ 17:55.3 at 17-25, *quoting* Fed. R. Civ. P. 11(b).

Rule 11 is also violated where the claim is not warranted by existing law or a non frivolous" argument for change of that law. Legal arguments are held to an "objective standard of reasonableness," and Rule 11 is violated where, for example, it is "clear . . . that there is no chance of success and no reasonable argument to extend, modify, or reverse the law as it stands."*Caisse Nationale v. Valcorp., Inc.*, 28 F.3d 259, 264 (2d Cir. 1994). Rule 11 "establishes an objective standard, intended to eliminate any 'empty-head pure-heart' justification" for frivolous arguments, *Margo v. Weiss*, 213 F.3d 55, 64 (2d Cir.2000). "Subjective good faith . . . provides [no] safe harbor." *Eastway Construction Corp. v. City of New York*, 762 F.2d 243, 253

(2dCir. 1985), *citing, e.g.*, William W. Schwarzer, Sanctions Under the New Federal Rule 11 -- A Closer Look, 104 F.R.D. 181 (1985); *see also, Mann v. G & G Mfg., Inc.*, 900 F.2d 953, 958 (6th Cir.1990).

Not only the signing attorney but his or her law firm is responsible. *See* Rule 11(c)(1) ("Absent exceptional circumstances, a law firm must be held jointly responsible fora violation committed by its partner, associate, or employee"); 2 Moore's Federal Practice § 11.23[6][b] at 11-50-517(3d ed. 2001). Even if a pleading states a meritorious claim against one defendant, that does not justify adding others against whom the claim is frivolous. *Townsend v. Holman Consulting Corp.*, 914 F.2d 1136, 1141 (9th Cir. 1990); *see also Cross & Cross Properties v. Everett Allied Co.*, 886 F.2d 497, 505(2d Cir. 1989)(Rule 11 is violated even where only part of a pleading, rather than the entire pleading, is frivolous).

Accordingly for the reasons outlined above, a grant of sanctions against Randazza and Harvey is wholly appropriate. In fact, sanctions are mandatory in the event the court determines Rule 11 has been violated, although the court has "wide discretion" in delineating the extent of those sanctions. *Albright, supra* at 1222 ("Rule 11 expressly mandates the imposition of sanctions once a violation is found").

Additionally, although Rule 11 sanctions generally take the form of an order to pay a monetary penalty into court, Rule 11(c)(2), where a suit is brought for an

improper purpose, such as to harass, Rule 11 explicitly allows for expenses incurred as a direct result of the violation to be paid directly to the other party. *See Union Planters Bank v. L &J Development Co.*, 115 F.3d 378 (6th Cir. 1997) ("a direct payout to the injured party is particularly appropriate for Rule 11(b)(1) violations involving [improper] motivations"), *citing* Fed. R. Civ. P. 11, Advisory Committee Notes (1993 Amendment).

## ARGUMENT

### Randazza and Harvey Signed and Filed a Frivolous Complaint

The Chanson Defendants are out-of-state defendants and the Plaintiff has failed to show in her Complaint that the Chanson Defendants are amenable to suit in this district. The Sixth Circuit has explained that there are two kinds of personal jurisdiction that can be exercised, general and specific. *Brunner v. Hampson*, 441 F.3d 457, 463 (6th Cir.2006). General jurisdiction exists when the defendant's contacts with the forum state are "substantial" and "continuous and systematic," such that the state may exercise personal jurisdiction even if the action does not relate to the defendant's contacts with the state. *Youn v. Track, Inc.*, 324 F.3d 409, 418 (6th Cir.2003). Specific jurisdiction exists when the contacts giving rise to jurisdiction relate to the claim that is before the court. *Id.*

The Plaintiff has not shown or even alleged that the Chanson Defendants have extensive in-state contacts with California or that they conduct any activities within the state – let alone substantial and continuous activities. *Estate of Thomson ex rel. Estate of Rakestraw v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 360 (6th Cir. 2008) ("The plaintiff bears the burden of establishing the existence of jurisdiction. Plaintiff has not met and cannot meet its burden. Neither Randazza or Harvey conducted the simple inquiries that would have established that the Chanson Defendants are not associated in any way with the website at issue in this action. Conclusory allegations unsupported by facts or law warrant sanctions. *Haverstick Enter. v. Financial Fed. Credit, Inc.*, 803 F.Supp. 1251, 1259–61 (E.D.Mich.1992) (admonishing plaintiffs and their counsel to research their claims more carefully to avoid monetary sanctions); *Pierzynowski v. Detroit Police Dep't*, 947 F.Supp.1147, 1151 (E.D.Mich.1996); *Elsman v. Standard Fed. Bank (Michigan)*, 238 F. Supp. 2d 903, 909 (E.D. Mich. 2003).

The Chanson Defendants are not involved with the website or the company at the heart of the Plaintiff's claims. *See* Declaration of Roy E. Chanson ¶¶ 6-17 and Declaration of Amy L. Chanson ¶¶ 6-17. The Plaintiff's self-serving statements that the Chanson Defendants "actively participate, and materially assist Eric S. Chanson, in operating websites on the World Wide Web" are insufficient to establish any connection. Complaint ¶ 3-4. The Plaintiff jumps from an allegation that "upon

information and belief, Roy E. Chanson supervised, assisted, and participated in formatting and distribution of the images appearing on the YouGotPosted website, which include the child pornography at issue in this litigation," to a confirmation that therefore, Roy E. Chanson is a partner of defendants Kevin C. Bollaert and Eric S. Chanson and an alter-ego of defendant Blue Mist Media LLC. Complaint ¶ 16-17. The Plaintiff makes the same leap with regard to the status of Amy L. Chanson. Complaint ¶ 19-20. *See, e.g., Escude Cruz v. Ortho Pharm. Corp.*, 619 F.2d 902, 905 (1st Cir.1980) (Holding that conclusory allegations of an alter ego relationship are not sufficient to establish jurisdiction); *see also, Amba Mktg. Sys. Inc. v. Jobar Int'l. Inc., 551 F.2d 784, 787 (9th Cir. 1977) (stating* that plaintiff cannot "simply rest on the bare allegations of its complaint"). Accordingly, the Plaintiff's Complaint against the Chanson Defendants should be dismissed.

Randazza and Harvey are attorneys and should have been aware of the law that governs jurisdiction in an action in federal court. Even aside from the fact that the Chanson Defendants did not harm the Plaintiff in any way and were not involved in the alleged distribution of allegedly pornographic photographs of her, Randazza and Harvey had no basis for asserting that this Court had jurisdiction over the Chanson Defendants. Accordingly, this motion for sanctions pursuant to Rule 11 should be granted against Randazza and Harvey.

## **CONCLUSION**

In light of the foregoing, the Chanson Defendants respectfully request that this Court issue an order for sanctions against Randazza and Harvey.

DATED this 21st day of September, 2013.

_____
**ROY E. CHANSON**

21 Coneflower Lane
Princeton Junction,
New Jersey 08550
***Defendant***


_____
**AMY L. CHANSON**

21 Coneflower Lane
Princeton Junction,
New Jersey 08550
***Defendant***

## CERTIFICATE OF SERVICE

We, Roy E. Chanson and Amy L. Chanson, declare under penalty of perjury that we served a complete, true and correct copy of the foregoing **MOTION FOR SANCTIONS, MEMORANDUM OF POINTS AND AUTHORITIES, DECLARATION OF ROY E. CHANSON AND DECLARATION OF AMY L. CHANSON** upon all other parties in this case by overnight express mail to the following on Sept. 21, 2013.

Marc J. Randazza
Christopher A. Harvey
Randazza Legal Group
6525 W. Warm Springs Rd. Ste. 100
Las Vegas, Nevada 89118
888-667-1113
*Attorneys for Plaintiff*

Eric S. Chanson
21 Coneflower Lane
Princeton Junction,
New Jersey 08550
*Defendant*

Blue Mist Media LLC
d/b/a YouGotPosted
c/o Domains by Proxy LLC
14747 N. Northsight Blvd.
Suite 111, PMB 309
Scottsdale, Arizona 85260
*Defendant*

Dated: September 21, 2013

_____
Roy E. Chanson

_____
Amy L. Chanson