Marc J. Randazza, Cal. Bar No. 269535
Christopher A. Harvey, Cal. Bar. No. 261986
RANDAZZA LEGAL GROUP
3625 S. Town Center Drive, Suite 150
Las Vegas, NV 89135
Telephone: 702-420-2001
Facsimile: 305-437-7662
ecf@randazza.com

Attorneys for Plaintiff,
Abigail (Abbey) Talley, through her mother, Elizabeth Talley

# IN THE UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABIGAIL TALLEY, a minor, through her mother ELIZABETH TALLEY,<br><br>Plaintiff,<br><br>vs.<br><br>ERIC S. CHANSON, an individual;<br>ROY E. CHANSON, an individual;<br>AMY L. CHANSON, an individual;<br>KEVIN C. BOLLAERT, an individual;<br>BLUE MIST MEDIA, LLC, a limited-liability company of unknown origin, d/b/a "YOUGOTPOSTED,"<br><br>Defendants. | Case No. 3:13-cv-01238-CAB-BLM<br><br>Hon. Cathy Ann Bencivengo<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT ERIC CHANSON'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(2); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION**<br><br>Hearing Date: Nov. 15, 2013<br>Time: 3:00 p.m.<br>Place: 221 W. Broadway, Suite 4165, San Diego, CA 92101<br>Location: Courtroom 4C<br><br>Action Filed: May 28, 2013 |

Randazza
Legal Group
3625 S. Town Center
Drive, Suite 150
Las Vegas, NV 89135
(888) 667-1113

i

13cv1238

# **TABLE OF CONTENTS**

**I.   INTRODUCTION** ..................................................................................1

**II.  STATEMENT OF FACTS** ....................................................................2

**III. LEGAL ARGUMENT** ..........................................................................3

   A.  THIS COURT MAY EXERCISE GENERAL JURISDICTION OVER DEFENDANT ERIC CHANSON BECAUSE YOUGOTPOSTED/UGOTPOSTED'S CONTACTS ARE SUBSTANTIAL AND CONTINUOUS AND SYSTEMATIC. ...................................................5

   B.  DEFENDANT ERIC CHANSON IS SUBJECT TO SPECIFIC PERSONAL JURISDICTION WITHIN CALIFORNIA. .........................................................................7

      *1.  Defendant Eric Chanson committed an intentional act by publishing Plaintiff's lewd and lascivious photos on the Internet.* ........................................8

      *2.  Plaintiff's causes of action arise from Defendant Eric Chanson's activities directed at California.* ..........................................................................9

      *3.  This Court may reasonably exercise jurisdiction over Defendant Eric Chanson.* ...............................................................................................11

**IV. CONCLUSION** ..................................................................................14

Randazza
Legal Group
3625 S. Town Center
Drive, Suite 150
Las Vegas, NV 89135
(888) 667-1113

ii

13cv1238

# TABLE OF AUTHORITIES

**Cases**

*Ballard v. Savage*, 65 F.3d 1495 (9th Cir. 1995) ....................................................... 7

*Bancroft & Masters, Inc. v. Augusta Nat., Inc.*, 223 F.3d 1082 (9th Cir. 2000) .... 5,9

*Brayton Purcell LLP v. Recordon & Recordon*, 660 F.3d 1124 (9th Cir. 2010) .3,10

*Calder v. Jones*, 465 U.S. 783 (1984) .................................................................. 7, 9

*Corporate Inv. Bus. Brokers v. Melcher*, 824 F.2d 786 (9th Cir. 1987) ................. 11

*Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414 (9th Cir. 1997) ............................... 7

*CYBERsitter, LLC v. P.R.C.*, 805 F. Supp. 958 (C.D. Cal. 2011) .................. 3, 4, 7, 8

*Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984) ............... 4

*Hirsch v. Blue Cross, Blue Shield*, 800 F.2d 1474 (9th Cir. 1986) .......................... 5

*Newport Components, Inc. v. NEC Home Electronics, Inc.,* 671 F.Supp. 1525 (9th Cir. 1987) ............................................................................................................. 5

*Panavision Itn'l, L.P. v. Toeppen*, 141 F.3d 1316 (9th Cir. 1998) .......................... 10

*Pebble Beach Co. v. Caddy*, 453 F.3d 1151 (9th Cir. 2006) .................................. 10

*Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437 (1952) ........................ 6

*Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007 (9th Cir. 2002) ......... 3, 8, 9, 10

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797 (9th Cir. 2004) ...... 5, 7, 8

*Sinatra v. Nat'l Enquirer, Inc.*, 854 F.2d 1191 (9th Cir. 1988) ............................... 11

*World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286 (1980)………………….6

*Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199 (9th Cir. 2006) (en banc) ........................................................................................ 7

**Statutes**

18 U.S.C. § 2251 ....................................................................................................... 2

Cal. Civ. Code § 3344 .............................................................................................. 2

**Rules**

Cal. Code Civ. P. § 410.10 ................................................................................... 4, 5

Fed. R. Civ. P. 12(b)(2) ................................................................................. 1, 3, 13

Randazza Legal Group
3625 S. Town Center Drive, Suite 150
Las Vegas, NV 89135
(888) 667-1113

iii

13cv1238

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Abigail Talley ("Abbey"), through her mother, Elizabeth Talley, hereby files this Opposition to Defendant Eric Chanson's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2). Plaintiff opposes the Motion as follows:

## I.     INTRODUCTION

This is a child pornography case. The victim is a California resident (as are many other victims of the Defendants' "revenge porn" website).[1] The perpetrators are spread across multiple states, but aimed their relevant tortious conduct at a child who lives in California, who felt all of the harm in California, who suffered here and has a right to seek redress in California. Some of the defendants in this scheme, including he who filed the instant Motion to Dismiss, demand that the victim travel to *them* in order to seek redress. Meanwhile, members of the conspiracy are scattered about the country, from Arizona to Illinois to New Jersey, with the only established focal point of California—where the Defendants designated a Digital Millennium Copyright Act agent, where Defendants listed their address in registering the website, where Defendants listed their trademark registration, and where Defendants have targeted and solicited their business. Accordingly, Eric Chanson argues that the proper course of conduct for his victim would be to file lawsuits in multiple jurisdictions, where it would be more *convenient* and *comfortable* for the child pornographers. While the Defendant may find it inconvenient to be held accountable for his actions in California, he knew full well that he was victimizing California residents and causing harm in the Golden State. In this contest of "*who should be inconvenienced?*", the choice is between a child and *child pornographers*. The choice is clear.

---

[1] A "revenge porn" website is one that publishes a person's "nude photos on the Internet without the person's consent." See *New York is Working on a 'Revenge Porn' Law that Would Be Tougher Than California's*, SFGate.com, Oct. 7, 2013 found at http://www.sfgate.com/default/article/New-York-Is-Working-On-A-Revenge-Porn-Law-That-4876543.php (last visited October 29, 2013).

## II.  STATEMENT OF FACTS

On May 28, 2013, Plaintiff Abbey filed a Complaint alleging multiple violations of 18 U.S.C. § 2251, *et seq.*, and Cal. Civ. Code § 3344, pertaining to the sexual exploitation of children and related violations of California law against the named Defendants.  Defendants Kevin Bollaert, Eric S. Chanson, Roy E. Chanson, Amy L. Chanson, and Blue Mist Media, are jointly, severally, and in concert with one another, and are engaged in the commercial distribution of child pornography. *See* Complaint, ECF #1-1 at 2.  Defendants conduct their enterprise electronically, using computer servers and equipment across the country. Defendants monetize their sites through advertising revenue and other currently unverified sources of income.[2]

In addition to posting the photos online, Defendants also engage in a form of stalking.  They identify the subjects of the photos by their full names, their hometowns, and link to their personal Facebook pages.  *See* Complaint, ECF #1-1 at page 2.  This is a direct attack on each victim, because Defendants specifically target each person, with precision focus, and ensure that the brunt of the harm takes place on his or her own front doorstep.  Visitors to Defendants' website search for victims' photographs by clicking on a link for the corresponding state of residence or searching by name.  Those who wish to submit photos to the website *must* fill out a form containing the identifying information of the victim. The identifying information, such as name, location, and Facebook page are *required* prior to the photos being posted, encouraging the outing and ongoing harassment of the victims and rejecting anonymous photographs.

Defendants purposefully directed their activities at this particular child, with the precise knowledge that she lived in California, and with the precise

---

[2] This likely includes a scheme where Defendants are the sole providers of image removal services for their website, wherein they will remove the names and nude images of individuals from their website who choose to pay a substantial fee. The site, called "Changemyreputation.com" is suspected to be owned by the Chansons, and this fact will be explored in discovery.

Randazza Legal Group
3625 S. Town Center Drive, Suite 150
Las Vegas, NV 89135
(888) 667-1113

knowledge that she would suffer harm in California. ECF #1-1 at 5. On Defendants' website, YouGotPosted/Ugotposted, Defendants tagged and categorized the photos by the residences of the photos' subjects, and specifically targeted Plaintiff Abbey (a California resident) and dozens of other Californians. Visitors to the website click on the name of each state and view nude photos featuring males and females by location, prominently identified by full name and hometown. By his own admission, Defendant Eric Chanson knowingly and actively participated in the posting and editing of the photos and the subject websites. (See ECF #5 at 1, admitting he used to operate YouGotPosted/UGotPosted). Because Eric Chanson, in partnership with the other Defendants, directed tortious activities at the State of California with actual knowledge that Plaintiff (and frankly all of the Defendant enterprise's California victims) would feel injury there, this Court should exercise personal jurisdiction over them.

### III. LEGAL ARGUMENT

This Court may exercise personal jurisdiction over Defendant Eric Chanson. When faced with a motion to dismiss under Fed. R. Civ. P. 12(b)(2), a plaintiff "need only make a prima facie showing of jurisdictional facts" to defeat the motion. *Brayton Purcell LLP v. Recordon & Recordon*, 660 F.3d 1124, 1127 (9th Cir. 2010); *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002). Uncontroverted allegations in the complaint must be taken as true, and "conflicts between the facts contained in the parties' affidavits must be resolved in [plaintiff's] favor." *Rio Props*, 284 F. 3d at 1019. In sum, all disputed facts are resolved in plaintiff's favor. *CYBERsitter, LLC v. P.R.C.*, 805 F. Supp. 958, 967 (C.D. Cal. 2011), *quoting Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006).

Courts evaluate the propriety of personal jurisdiction over a non-resident defendant based on whether such an exercise of jurisdiction satisfies the

Randazza
Legal Group
3625 S. Town Center
Drive, Suite 150
Las Vegas, NV 89135
(888) 667-1113

3

13cv1238

"requirements of the applicable state long-arm statute and comports with federal due process." *CYBERsitter*, 805 F. Supp. 2d at 967 (internal quotations omitted). California's long-arm statute provides that jurisdiction is proper "on any basis not inconsistent with the Constitution of this state or of the United States." Cal. Code Civ. P. § 410.10.

Defendant Eric Chanson's motion to dismiss contends that this Court cannot exercise personal jurisdiction over him because he no longer is affiliated with the website and that the site is now shutdown. However, he still caused the tortious actions to occur against Plaintiff while he was affiliated with the website when it was live. If it is actually true that Eric Chanson decided to disassociate himself from the website *after* he was sued for his actions, that should not offer him any comfort. If it did, this would provide quite the convenient blueprint for child pornographers – go ahead and publish child porn until you get caught, then after you are sued, just drop the site like a hot potato, act like it never happened, and escape all liability without further ado. That is not the state of the law. Jurisdiction is proper here, whether arising under general or specific jurisdiction.

General jurisdiction arises when "the cause of action does not arise out of or relate to the [foreign defendant's] activities in the forum state." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, 415 n. 9 (1984). In contrast, specific jurisdiction is relevant where the defendant's contacts with the forum state give rise to the cause of action asserted against him or her. *CYBERsitter*, 805 F. Supp. 2d at 967.

YouGotPosted/UGotPosted has significant contacts with the state so as to approximate a physical presence in California for exercising general jurisdiction. Eric Chanson's acts are substantially connected to the forum state, and the Court's jurisdiction over him would be reasonable; in fact, a contrary result would be most unreasonable.

1  In addition, specific jurisdiction is properly exercised because Eric Chanson
2  purposefully availed himself by intentionally assisting in victimizing a California
3  child, specifically aiming his tortious acts against Plaintiff in her home state of
4  California, and indeed in her very *hometown*. Eric Chanson and other Defendants
5  caused to be published lascivious, sexually explicit photos of Plaintiff, a minor,
6  and went so far as to post the child's "profile page" that they created for her—to
7  target her, to embarrass her, and to harm her, and to ensure that such harm was
8  visited upon her where she lives. There can be no question that Eric Chanson
9  knew that this child lived in California, and no question that he posted her
10 photographs online, knowing that she would feel the brunt of the harm in this
11 state. His tortious conduct was purposeful and calculated to cause injury in
12 California and thus Eric Chanson must have reasonably anticipated being haled
13 into a California court.

### A. This Court may exercise general jurisdiction over Defendant Eric Chanson because YouGotPosted/UGotPosted's contacts are substantial and continuous and systematic.

Courts first look to a state's long-arm statute to determine whether general jurisdiction over a defendant is appropriate. *Newport Components, Inc. v. NEC Home Electronics, Inc.,* 671 F.Supp. 1525, 1533 (9th Cir. 1987). California's long-arm statute allows for an exercise of jurisdiction over nonresidents on any basis that is not inconsistent with the U.S. Constitution. See Cal. Code Civ. P. § 410.10. General jurisdiction requires a defendant to engage in "substantial" or "continuous and systematic" contacts that approximate physical presence. *Schwarzenegger*, 374 F.3d at 801; *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). In determining whether a defendant's contacts are continuous and systematic, courts examine those activities that impact the state, including whether the defendant solicits or engages in business, serves the state's markets, or designates an agent for service of process there. *Hirsch v. Blue Cross, Blue Shield*, 800 F.2d 1474, 1478 (9th Cir. 1986), *citing Helicopteros*,

Randazza
Legal Group
3625 S. Town Center
Drive, Suite 150
Las Vegas, NV 89135
(888) 667-1113

5

13cv1238

466 U.S. at 414, *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 295 (1980); *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437, 447-49 (1952).

The WhoIs information for the YouGotPosted website, trademark application, and DMCA agent notification all clearly point toward a San Diego, California address. (See Exhibit A, WhoIs registration for YouGotPosted, Exhibit B, Trademark Registration Application Information for YouGotPosted, and ECF #5-1 at 17, YouGotPosted Terms of Use). Each of these California connections indicates that YouGotPosted and Defendants have a continuous and systematic relationship with the state, as the site's designated agent is located within California, the website is registered and operated in California, and the owners intend to register a trademark for the website with the same California address.

Furthermore, YouGotPosted is a commercial website from which the operators regularly solicit visitors to submit nude photos and from which Defendants gleefully wreak havoc on the lives of men, women, and children nationwide. See "A Victim Speaks: Standing Up to a Revenge Porn Tormentor," attached as Exhibit C. The menu tags on the right side of the front page feature clickable links to several states, including California, encouraging and targeting those states for submissions. Defendant Eric Chanson derives a pecuniary benefit from these photos, including Plaintiff's, to advertise and promote services through the site. Through the website, Defendant Eric Chanson regularly and persistently solicits business from California residents.

Thus, Eric Chanson's contacts with the State of California are systematic and continuous enough so as to justify this Court's general jurisdiction over Eric Chanson and the other website Defendants.

//
//
//

## B. Defendant Eric Chanson is subject to specific personal jurisdiction within California.

This Court may exercise specific personal jurisdiction over Eric Chanson. For specific jurisdiction, the United States Court of Appeals for the Ninth Circuit employs a three-part test: 1) the defendant must purposefully avail himself to acting or causing interference in the forum state; 2) the cause of action must arise from the defendant's activities in the forum state; and 3) the acts or consequences caused by the defendant must be substantially connected to the forum state in order to make the exercise of jurisdiction reasonable. *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 416 (9th Cir. 1997), *quoting Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995); *see also CYBERsitter*, 805 F. Supp. 2d at 967, *citing Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

Plaintiff bears the burden in establishing the first two prongs of this test. *CYBERsitter*, 805 F. Supp. 2d at 967. As to these first two prongs, the Ninth Circuit evaluates purposeful availment using the *Calder* effects test, a three-part test derived from the United States Supreme Court's decision in *Calder v. Jones*, 465 U.S. 783 (1984). For purposeful direction to exist under this test, the defendant "allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006) (en banc).

Once these elements are satisfied, as set forth below, Defendant bears the burden of presenting a "compelling case" that this Court's exercise of jurisdiction would not be reasonable. *Id*. Defendant's motion has not satisfied this burden. As such, the Court may exercise specific personal jurisdiction over Defendant Eric Chanson, and his motion should be denied.

//
//
//

### 1. Defendant Eric Chanson committed an intentional act by publishing Plaintiff's lewd and lascivious photos on the Internet.

Intentional acts such as Eric Chanson's publication of the minor Plaintiff's photos need not be made with the intent to violate Plaintiff's rights, but only with an "intent to perform an actual, physical act in the real world." *CYBERsitter*, 805 F. Supp. 2d at 969, *citing Schwarzenegger*, 374 F.3d at 806.  However, Defendant's publication of Plaintiff's photos in violation of federal and state law is an entirely volitional act. *See Rio Props.*, 284 F.3d at 1020 (finding operation of even a passive website to be an intentional act).  Defendant Eric Chanson availed himself of California when he published the child Plaintiff's photos on the Internet.[3]  Defendants own and operate YouGotPosted/Ugotposted under two domain names. ECF #1-1 at 7 ¶26.  Navigating to <yougotposted.com> redirects users to <ugotposted.com>.  YouGotPosted/Ugotposted specifically aimed its activities at California, through a California-specific page. ECF #1-1 at 7 ¶ 31. Defendants actively solicit sexually oriented photos through several invitations on their site to "Post Nudes," including both a tab at the top of the front page and a large, pink-highlighted link located on the right of every page.  The "categories" menu along the right side of every page of the site contains clickable links to various states, including California.  This feature for sorting and seeking out California victims of the site is intrinsic to its operation and placed on the site by Defendants.  The link to California directs users to photos of subjects from California, identifying each by his or her full name and the city of residence. *Id.*

Before posting their victims' photos online, Defendants manually alter the content by inserting their watermark onto each image, including those featuring Plaintiff Abbey. ECF #1-1 at 7-8 ¶¶ 33-34.  Defendants then tag the photos based

---

[3] Note that Defendants did not merely publish the photos, but solicited them, selected them, published them, assigned the victim's name and hometown to them, and placed their own watermark over them.

Randazza
Legal Group
3625 S. Town Center
Drive, Suite 150
Las Vegas, NV 89135
(888) 667-1113

8

13cv1238

on personal information of their victims in order to categorize them based on where the victims live. ECF #1-1 at 7 ¶ 31.

Defendants' categorization of the photos by the victims' hometowns shows that Defendants know exactly where the harm of their actions will be felt. In fact, the purpose of posting the photos with the full names, cities, states, and links to Facebook profiles of the subjects suggests that Defendants wanted no mistake in pinpointing the exact identities of each and every unsuspecting victim whose nude photos was plastered on the Web, including that of Plaintiff Abbey.

When Defendants intentionally posted the lascivious child pornographic photos of Plaintiff Abbey, identifying her by her full name, her hometown in California, and a link to her Facebook profile, they did so with full knowledge and the intent that their behavior would specifically harm her right at her front doorstep – in California. Through their actions, Defendants knew that by linking sexually explicit photos of Plaintiff Abbey with her Facebook profile and online identity, it would cause her great shame, embarrassment, harassment, and ridicule (or worse) among those who knew her or would come to find out about her. Under the *Calder* effects test, Eric Chanson purposefully availed himself to jurisdiction in California when he posted photos to YouGotPosted.

Because California jurisdiction over issues involving YouGotPosted is proper, jurisdiction over Eric Chanson, as an operator of the website, is also proper. Accordingly, Eric Chanson has purposefully availed himself to jurisdiction in California.

### 2. Plaintiff's causes of action arise from Defendant Eric Chanson's activities directed at California.

Knowledge that targets residents of the forum is considered express aiming under the precedent of this circuit. *Rio Props.*, 284 F.3d at 1020 (operating website aimed at Nevada casino deemed express aiming of tortious conduct into Nevada); *Bancroft & Masters, Inc. v. Augusta Nat., Inc.*, 223 F.3d 1082, 1088 (9th

Cir. 2000); *Panavision Itn'l, L.P. v. Toeppen*, 141 F.3d 1316, 1321 (9th Cir. 1998). When a defendant individually targets a plaintiff known to be a forum resident, that is enough to show that the defendant's actions were specifically aimed at a forum. *See Brayton Purcell LLP*, 606 F.3d at 1129 (9th Cir. 2010); *Pebble Beach Co.*, 453 F.3d at 1156-57 (9th Cir. 2006); *Panavision Int'l*, 141 F.3d at 1321-22. The facts alleged in the Complaint occurred within the State of California. The child pornographic images of Plaintiff were seen by Plaintiff and known to her while she was a California resident, creating the basis of this litigation. Furthermore, the Defendants categorized the photographs into different states – including California. Defendants knew when posting the photos that Abbey was a California resident, as that information was required in order to post her photo. Therefore, Defendants individually targeted Abbey when posting her photo, along with her full name and hometown, to a page specifically categorizing California residents.

Moreover, based on the knowledge that Eric Chanson had or should have had, he should have anticipated that Plaintiff's injury would have been within her place of residence – California. *Panavision Itn'l, L.P. v. Toeppen*, 141 F.3d 1316, 1321 (9th Cir. 1998) (holding that defendant should have reasonably anticipated jurisdiction in California after cybersquatting on movie production company's domain names, as "its principal place of business was in California, and the heart of the theatrical motion picture and television industry is located there"); *Rio Props.*, 284 F.3d at 1020 ("RII knowingly injured RIO in Nevada – its principal place of business and the capital of the gaming industry," by operating a passive website).

As shown above, Defendants regularly engaged in collecting and soliciting photos from California residents. Defendants, including Eric Chanson, knew or should have known Abbey lived in California, as they required that information as a condition of distributing Plaintiff's images. Defendants posted Plaintiff's photos

along with her full name and the California city in which she resides, and associated it with an index term categorizing it with other entries from the state.

Plaintiff Abbey's causes of action relate directly to Defendant Eric Chanson's acts with California. Therefore, the second factor of the three-part specific jurisdiction analysis is satisfied.

### 3. This Court may reasonably exercise jurisdiction over Defendant Eric Chanson.

With Plaintiff satisfying the first two prongs of the Ninth Circuit's test for specific personal jurisdiction, the burden to show the Court's exercise of jurisdiction is unreasonable shifts onto Defendants. *CYBERsitter*, 805 F. Supp. 2d at 967. To meet this burden, Defendants must present a "compelling case" that this Court's exercise of jurisdiction would be unreasonable. *Id*., *quoting Burger King Corp. Rudzewicz*, 471 U.S. 462, 477 (1985). Courts consider seven factors when analyzing whether the exercise of personal jurisdiction would be reasonable:

(1) the extent of a defendant's purposeful interjection;
(2) the burden on the defendant in defending in the forum;
(3) the extent of conflict with the sovereignty of the defendant's state;
(4) the forum state's interest in adjudicating the dispute;
(5) the most efficient judicial resolution of the controversy;
(6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and
(7) the existence of an alternative forum.

*Id*. at 973. As explained below, the balance of these factors weighs in the minor Plaintiff's favor, and Eric Chanson has not satisfied his burden of presenting a "compelling case" that this Court's exercise of personal jurisdiction over him would be unreasonable.

As Defendant has inserted himself into California, it is reasonable for them to stand suit in connection with those activities. Purposeful interjection is "analogous" to the purposeful direction analysis discussed above. *Sinatra v. Nat'l Enquirer, Inc*., 854 F.2d 1191, 1199 (9th Cir. 1988); *see Corporate Inv. Bus.*

*Brokers v. Melcher*, 824 F.2d 786, 790 (9th Cir. 1987) (discussing that the "purposeful injectment" factor receives "no weight once it is shown that the defendant purposefully directed its activities to the forum state"). As this prong has been satisfied above, Eric Chanson has purposefully interjected his activities into California. The weight of this factor favors the Court exercising personal jurisdiction over Defendant Eric Chanson.

Because the first two elements of the three-part test are satisfied, there is a presumption that California's personal jurisdiction over Eric Chanson is reasonable. However, even if reasonableness were not presumed, Plaintiff can show that jurisdiction is reasonable. Californian after Californian finds herself (or himself) victimized by these Defendants, each of them targeted by name with as much personal information about them as the Defendants can muster. If California's courts will offer no comfort to the California victims, then who reasonably will? It is in California's interest to its citizens to protect its minors from sexual exploitation online. Defendants exposed Plaintiff, a minor, by posting the graphic lascivious exhibition of her genital or pubic area on their website. Because the child in question is a resident of California, California has a direct interest in the resolution of this Complaint.

Eric Chanson knew Plaintiff Abbey resided in California because her location was *required* to post her images. The Defendants' unlawful commercial child pornography enterprise categorized Plaintiff as a California resident. *See* ECF # 1-1 at 7 ¶ 31. Since Defendant knew full well that Plaintiff would be exploited within the forum state when he posted a series of sexually explicit photographs of her on YouGotPosted/UGotPosted, the Court has specific personal jurisdiction over him. In this case, Eric Chanson would have known where Plaintiff lived even if he conducted no inquiry into her whereabouts. Her location was *required* to post the images of her. Chanson placed Plaintiff's photo under the California tag on YouGotPosted/UGotPosted, *proving* that he *knew* where she

lived.  In addition, Defendants post personal information of all of the subjects whose photos appear on the website, including links to Facebook pages, so that visitors of the site may contact them.  Defendants, including Eric Chanson, fully knew that the subjects of the photos on their website are injured in their home state.  Indeed, Defendants gathered the location of each victim before posting the images.  This makes it all but certain that the site's operators knew precisely where all of their victims were located, and specifically sought to harm them right here at home – in California.  Otherwise, what purpose is served by displaying the victims' name and hometown? Thus, Eric Chanson knew that his tortious acts outside of the state would injure Plaintiff in California, and the Court may reasonably exercise specific jurisdiction over him.

Additionally, Plaintiff is a minor who has brought this complaint through her mother over Defendants' distribution of lewd and lascivious, sexually explicit images of her.  Because Plaintiff is under 18 years old, it is in her best interest to litigate her cause of action in the state where she is domiciled, California.  Should this child be forced to chase each individual Defendant in each of these jurisdictions? Or should this child receive justice here—where all of the harm is focused and felt? As an operator of YouGotPosted/UGotPosted, Eric Chanson, in concert with the other Defendants, posted the photo online with the knowledge that Plaintiff lives in California.  Therefore, it is just that the lawsuit remain in California.  On the other hand, dismissing this case for lack of personal jurisdiction would require a victimized child to travel to unknown locales – either Arizona, New Jersey, Illinois, or whatever other state the co-conspirators claim would be proper.  Is it just or proper that a child should be forced to travel far from home, when the victimization of that child took place in California and all of the effects of the victimization were in California?  The audacity of these Defendants seems to know no bounds.

Randazza
Legal Group
3625 S. Town Center
Drive, Suite 150
Las Vegas, NV 89135
(888) 667-1113

13

13cv1238

In weighing these factors, the burden on Defendant Eric Chanson is light in comparison, as most of the evidence would be located in California. Considering the totality of these circumstances, specific jurisdiction over Eric Chanson is reasonable – and any other determination would be grossly unjust.

## IV.   CONCLUSION

Plaintiff Abbey respectfully requests this Court to deny Defendant Eric Chanson's Motion to Dismiss pursuant to Rule 12(b)(2). Plaintiff has met her burden of establishing a *prima facie* case of personal jurisdiction over Eric Chanson. California may exercise general jurisdiction over Eric Chanson because his contacts with the state are so systematic and continuous that he may be haled into Court here. California has specific personal jurisdiction over Eric Chanson because, as an operator of the YouGotPosted/UGotPosted website, he purposefully availed himself of the privilege of conducting business in California; second, Plaintiff's cause of action arose from Eric Chanson's activities within the state; and third, Eric Chanson's tortious acts had a substantial enough connection with California to make exercise of jurisdiction reasonable.

Dated: October 29, 2013              Respectfully Submitted,

                                     RANDAZZA LEGAL GROUP

                                     /s/ Marc J. Randazza
                                     Marc J. Randazza (Cal. Bar # 261986)
                                     Christopher A. Harvey (Cal. Bar # 261986)
                                     Randazza Legal Group
                                     3625 S. Town Center Drive, Suite 150
                                     Las Vegas, NV 89135

                                     Attorneys for Plaintiff Abigail (Abbey)
                                     Talley, through her mother, Elizabeth Talley

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I am a representative of Randazza Legal Group and that on this 29th day of October, 2013, I caused documents entitled:

- PLAINTIFF'S OPPOSITION TO DEFENDANT ERIC CHANSON'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(2); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION

to be served as follows:

[ X ] by depositing same for mailing in the United States Mail, in a sealed envelope addressed to Defendants' known addresses; and/or

[ ] Pursuant to Fed. R. Civ. P. 5(b)(2)(D), to be sent via facsimile as indicated; and/or

[ ] to be hand-delivered;

[ ] by the Court's CM/ECF system.

_____
an employee of Randazza Legal Group