Marc J. Randazza, Cal. Bar No. 269535
Christopher A. Harvey, Cal. Bar. No. 261986
RANDAZZA LEGAL GROUP
3625 S. Town Center Drive, Suite 150
Las Vegas, NV 89135
Telephone: 702-420-2001
Facsimile: 305-437-7662
ecf@randazza.com

Attorneys for Plaintiff,
Abigail (Abbey) Talley, through her mother, Elizabeth Talley

# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABIGAIL TALLEY, a minor, through her mother ELIZABETH TALLEY,<br><br>Plaintiff,<br><br>vs.<br><br>ERIC S. CHANSON, an individual;<br>ROY E. CHANSON, an individual;<br>AMY L. CHANSON, an individual;<br>KEVIN C. BOLLAERT, an individual;<br>BLUE MIST MEDIA, LLC, a limited-liability company of unknown origin, d/b/a "YOUGOTPOSTED,"<br><br>Defendants. | Case No. 3:13-cv-01238-CAB-BLM<br><br>Hon. Cathy Ann Bencivengo<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS ROY AND AMY CHANSON'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(2); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION**<br><br>Hearing Date: Nov. 15, 2013<br>Time: 3:00 p.m.<br>Place: 221 W. Broadway, Suite 4165, San Diego, CA 92101<br>Location: Courtroom 4C<br><br>Action Filed: May 28, 2013 |

# TABLE OF CONTENTS

I.     INTRODUCTION......................................................................................1

II.    STATEMENT OF FACTS.........................................................................2

III.   LEGAL ARGUMENT................................................................................3

   A. This Court may exercise general jurisdiction over Defendants because YouGotPosted/UGotPosted's contacts are substantial and continuous and systematic. ...............................................................................5

   B. Defendants Roy and Amy Chanson are subject to specific personal jurisdiction within California.............................................................................7

      1.  *Defendants Roy and Amy Chanson committed an intentional act by publishing Plaintiff's lewd and lascivious photos on the Internet.*...................8

      2.  *Plaintiff's causes of action arise from Defendants Roy and Amy Chanson's activities directed at California.* ............................................................ 11

      3.  *This Court may reasonably exercise jurisdiction over Defendants Roy and Amy Chanson.* ........................................................................................ 12

IV.   CONCLUSION........................................................................................15

Randazza
Legal Group
3625 S. Town Center
Drive, Suite 150
Las Vegas, NV 89135
(888) 667-1113

ii

13cv1238

# TABLE OF AUTHORITIES

**Cases**

*Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995) ............................................. 8

*Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082 (9th Cir. 2000) . 5, 11

*Brayton Purcell LLP v. Recordon & Recordon*, 660 F.3d 1124 (9th Cir. 2010) 3, 11

*Calder v. Jones*, 465 U.S. 783 (1984) ................................................................. 8, 10

*Corporate Inv. Bus. Brokers v. Melcher*, 824 F.2d 786 (9th Cir. 1987) ................ 13

*Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414 (9th Cir. 1997) .............................. 8

*CYBERsitter, LLC v. P.R.C.*, 805 F. Supp. 958 (C.D. Cal. 2011) ............... 3, 4, 8, 12

*Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984) ........... 4, 6

*Hirsch v. Blue Cross, Blue Shield*, 800 F.2d 1474 (9th Cir. 1986) ......................... 5

*Newport Components, Inc. v. NEC Home Electronics, Inc.,* 671 F.Supp. 1525 (9th
    Cir. 1987) ............................................................................................................. 5

*Panavision Itn'l, L.P. v. Toeppen*, 141 F.3d 1316 (9th Cir. 1998) ......................... 11

*Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006) ..................... 3, 11

*Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437 (1952) ........................ 6

*Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007 (9th Cir. 2002) ....... 3, 8, 11-12

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797 (9th Cir. 2004) .......... 5, 8

*Sinatra v. Nat'l Enquirer, Inc.*, 854 F.2d 1191 (9th Cir. 1988) .............................. 13

*World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286 (1980) .......................... 5

*Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199 (9th
    Cir. 2006) (en banc) ............................................................................................. 8

**Statutes**

18 U.S.C. § 2251 ...................................................................................................... 2

Cal. Civ. Code § 3344 .............................................................................................. 2

**Rules**

Cal. Code Civ. P. § 410.10 ................................................................................... 4, 5

Fed. R. Civ. P. 12(b)(2) ................................................................................. 1, 3, 15

Randazza Legal Group
3625 S. Town Center Drive, Suite 150
Las Vegas, NV 89135
(888) 667-1113

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Abigail Talley ("Abbey"), through her mother, Elizabeth Talley, hereby files this Opposition to Defendants Roy and Amy Chanson's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2), based on the following:

### I.  INTRODUCTION

This is a child pornography case. The victim is a California resident (as are many other victims of the Defendants' "revenge porn" website).[1] The perpetrators are spread across multiple states, but aimed their relevant tortious conduct at a child who lives in California, who felt all of the harm in California, who suffered here and has a right to seek redress in California. Some of the defendants in this scheme, including those that filed the instant Motion to Dismiss, demand that the victim travel to *them* in order to seek redress. Meanwhile, members of the conspiracy are scattered about the country, from Arizona to Illinois to New Jersey, with the only established focal point of California—where the Defendants designated a Digital Millennium Copyright Act agent, where Defendants listed their address in registering the website, where Defendants listed their trademark registration, and where Defendants have targeted and solicited their business. Accordingly, the Chansons argue that the proper course of conduct for their victim would be to file lawsuits in multiple jurisdictions, where it would be more *convenient* and *comfortable* for the child pornographers. While the Chansons may find it inconvenient to be held accountable for their actions in California, they well knew that they were victimizing California residents and causing harm in the Golden State. In this contest of "*who should be inconvenienced*?", the choice is between a child and *child pornographers*. The choice is clear.

---

[1] A "revenge porn" website is one that publishes a person's "nude photos on the Internet without the person's consent." See *New York is Working on a 'Revenge Porn' Law that Would Be Tougher Than California's*, SFGate.com, Oct. 7, 2013 found at http://www.sfgate.com/default/article/New-York-Is-Working-On-A-Revenge-Porn-Law-That-4876543.php (last visited October 29, 2013).

## II.   STATEMENT OF FACTS

On May 28, 2013, Plaintiff Abbey filed a Complaint alleging multiple violations of 18 U.S.C. § 2251, *et seq.*, and Cal. Civ. Code § 3344, pertaining to the sexual exploitation of children and related violations of California law against the named Defendants. Defendants Kevin Bollaert, Eric S. Chanson, Roy E. Chanson, Amy L. Chanson, and Blue Mist Media, are jointly, severally, and in concert with one another, and are engaged in the commercial distribution of child pornography. See Complaint, ECF #1-1 at 2. Defendants conduct their enterprise electronically, using computer servers and equipment across the country. Defendants monetize their sites through advertising revenue and other currently unverified sources of income.[2]

In addition to posting the photos online, Defendants also engage in a form of stalking. They identify the subjects of the photos by their full names, their hometowns, and link to their personal Facebook pages. See Complaint, ECF #1-1 at 2. This compounds the injury for each victim, because Defendants specifically target each person, with precision focus, and ensure that the brunt of the harm takes place right smack dab on their front doorstep. Visitors to Defendants' website search for victims' photographs by clicking on a link for the corresponding state of residence. Those who wish to submit photos to the website *must* fill out a form containing the identifying information of the victim. The identifying information, such as name, location, and Facebook page are *required* prior to the photos being posted, encouraging the outing and ongoing harassment of the victims and rejecting anonymous photographs. *Id*.

Defendants purposefully directed their activities at this particular child, with the precise knowledge that she lived in California, and with the precise

---

[2] This likely includes a scheme where Defendants are the sole providers of image removal services for their website, wherein they will remove the names and nude images of individuals from their website who choose to pay a substantial fee. The site, called "Changemyreputation.com" is suspected to be owned by the Chansons, and this fact will be explored in discovery.

Randazza Legal Group
3625 S. Town Center Drive, Suite 150
Las Vegas, NV 89135
(888) 667-1113

knowledge that she would suffer harm in California. See ECF #1-1 at 5. On Defendants' website, YouGotPosted/Ugotposted, Defendants tagged and categorized the photos by the residences of the photos' subjects, and specifically targeted Plaintiff Abbey (a California resident) and dozens of other Californians. Visitors to the website click on the name of each state and view nude photos featuring males and females by location, prominently identified by full name and hometown. By their own admission, Defendants Roy and Amy Chanson knowingly and actively participated in the posting and editing of the photos and the subject websites. See Decl. Green ¶¶9-15. Because Roy and Amy Chanson, in partnership with the other Defendants, directed tortious activities at the State of California with actual knowledge that Plaintiff (and frankly all of the Defendant enterprise's California victims) would feel injury there, this Court should exercise personal jurisdiction over them.

### III.  LEGAL ARGUMENT

This Court may exercise personal jurisdiction over Defendants Roy and Amy Chanson. When faced with a motion to dismiss under Fed. R. Civ. P. 12(b)(2), a plaintiff "need only make a prima facie showing of jurisdictional facts" to defeat the motion. *Brayton Purcell LLP v. Recordon & Recordon*, 660 F.3d 1124, 1127 (9th Cir. 2010); *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002). Uncontroverted allegations in the complaint must be taken as true, and "conflicts between the facts contained in the parties' affidavits must be resolved in [plaintiff's] favor." *Rio Props*, 284 F. 3d at 1019. In sum, all disputed facts are resolved in plaintiff's favor. *CYBERsitter, LLC v. P.R.C.*, 805 F. Supp. 958, 967 (C.D. Cal. 2011), *quoting Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006).

Courts evaluate the propriety of personal jurisdiction over a non-resident defendant based on whether such an exercise of jurisdiction satisfies the

"requirements of the applicable state long-arm statute and comports with federal due process." *CYBERsitter*, 805 F. Supp. 2d at 967 (internal quotations omitted). California's long-arm statute provides that jurisdiction is proper "on any basis not inconsistent with the Constitution of this state or of the United States." Cal. Code Civ. P. § 410.10.

Defendants' motion to dismiss contends that this Court cannot exercise personal jurisdiction over them because they were not affiliated with the YouGotPosted site and that the site is now shut down. However, they still caused or allowed to cause the tortious actions to occur against Plaintiff while they acted on behalf of their son when the website was live. If it is actually true that Roy and Amy Chanson decided to disassociate themselves from the website *after* they were sued for their actions, that should not offer them any comfort. If it did, this would provide quite the convenient blueprint for child pornographers – go ahead and publish child porn until you get caught, then after you are sued, just drop the site like a hot potato, act like it never happened, and escape all liability without further ado. That is not the state of the law. Jurisdiction is proper here, whether arising under general or specific jurisdiction.

General jurisdiction arises when "the cause of action does not arise out of or relate to the [foreign defendant's] activities in the forum state." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, 415 n. 9 (1984). In contrast, specific jurisdiction is relevant where the defendant's contacts with the forum state give rise to the cause of action asserted against him or her. *CYBERsitter*, 805 F. Supp. 2d at 967.

YouGotPosted/UGotPosted has significant contacts with the state so as to approximate a physical presence in California for exercising general jurisdiction. Roy and Amy Chanson's acts are substantially connected to the forum state, and the Court's jurisdiction over them would be reasonable; in fact, a contrary result would be most unreasonable.

In addition, specific jurisdiction is properly exercised because the Chansons purposefully availed themselves by intentionally assisting in victimizing a California child, specifically aiming their tortious acts against Plaintiff in her home state of California, and indeed in her very *hometown*. The Chansons and other Defendants caused to be published lascivious, sexually explicit photos of Plaintiff, a minor, and went so far as to post the child's "profile page" that they created for her—to target her, to embarrass her, and to harm her, and to ensure that such harm was visited upon her in the community where she lives. There can be no question that Defendants Roy and Amy Chanson knew that this child lived in California, and no question that they posted her photographs online, knowing that she would feel the brunt of the harm in this state. Their tortious conduct was purposeful and calculated to cause injury in California and thus the Chansons must have reasonably anticipated being haled into a California court.

### A. This Court may exercise general jurisdiction over Defendants because YouGotPosted/UGotPosted's contacts are substantial and continuous and systematic.

Courts first look to a state's long-arm statute to determine whether general jurisdiction over a defendant is appropriate. *Newport Components, Inc. v. NEC Home Electronics, Inc.,* 671 F.Supp. 1525, 1533 (9th Cir. 1987). California's long-arm statute allows for an exercise of jurisdiction over nonresidents on any basis that is not inconsistent with the U.S. Constitution. See Cal. Code Civ. P. § 410.10. General jurisdiction requires a defendant to engage in "substantial" or "continuous and systematic" contacts that approximate physical presence. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004); *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). In determining whether a defendant's contacts are continuous and systematic, courts examine those activities that impact the state, including whether the defendant solicits or engages in business, serves the state's markets, or

designates an agent for service of process there. *Hirsch v. Blue Cross, Blue Shield*, 800 F.2d 1474, 1478 (9th Cir. 1986), *citing Helicopteros*, 466 U.S. at 414, *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 295 (1980); *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437, 447-49 (1952).

The WhoIs information for the YouGotPosted website, trademark application, and DMCA agent notification all clearly point toward a San Diego, California address. See Exhibit A, WhoIs registration for YouGotPosted, Exhibit B, Trademark Registration Application Information for YouGotPosted, and ECF #5-1 at 17, YouGotPosted Terms of Use.  Each of these California connections indicates that YouGotPosted and Defendants have a continuous and systematic relationship with the state, as the site's designated agent is located within California, the website is registered and operated in California, and the owners intend to register a trademark for the website with the same California address.

Furthermore, YouGotPosted is a commercial website from which the operators regularly solicit visitors to submit nude photos and from which Defendants gleefully wreak havoc on the lives of men, women, and children nationwide.  See "A Victim Speaks: Standing Up to a Revenge Porn Tormentor," attached as Exhibit C. The menu tags on the right side of the front page feature clickable links to several states, including California, encouraging and targeting those states for submissions.  Defendants derive a pecuniary benefit from these photos, including Plaintiff's, to advertise and promote their services through the site.  Through the website, Defendants regularly and persistently solicit business from California residents.

Prior to filing any lawsuit against Defendants, an attorney for the law firm now representing Plaintiff Abbey spoke to the Chanson Defendants, including Roy and Amy Chanson.  See Declaration of Ronald D. Green ("Decl. of Green"), ¶¶4, 16.  Roy and Amy Chanson stated that they not only knew about the subject

Randazza
Legal Group
3625 S. Town Center
Drive, Suite 150
Las Vegas, NV 89135
(888) 667-1113

6

13cv1238

website, but were *actively assisting with its operations and administration*. See Decl. of Green, ¶¶12, 15. Specifically, they were editing photographs on the site and altering watermarks from the name of a predecessor website (IsAnyoneUp) to the name of the new website (UGotPosted). Decl. of Green, ¶¶11-13.

Based on those admissions, a trademark infringement lawsuit was brought against the Defendants, including Roy and Amy Chanson. Decl. of Green, ¶¶11-13. During the course of settlement negotiations, it was believed that Defendants Roy and Amy Chanson convinced their son Eric Chanson to set aside a settlement agreement he had already executed. Decl. of Green, ¶¶5-7. Based on these pre-existing party admissions, the claims against Roy and Amy Chanson have a basis to be pursued in both fact and law – despite their *post hoc* rationalizations before this Court. Furthermore, these admissions are enough to show that Defendants Roy and Amy Chanson worked with the other Defendants in operating and running YouGotPosted/UGotPosted, and since the website operated out of California, jurisdiction over them is proper.

Thus, based on representations Roy and Amy Chanson made prior to the filing of this suit, the Chanson Defendants' contacts with the State of California are systematic and continuous enough so as to justify this Court's general jurisdiction over Roy and Amy Chanson as editors and co-conspirators with the other website Defendants.

### B. Defendants Roy and Amy Chanson are subject to specific personal jurisdiction within California.

This Court may exercise specific personal jurisdiction over the Chanson Defendants. For specific jurisdiction, the United States Court of Appeals for the Ninth Circuit employs a three-part test: 1) the defendant must purposefully avail himself to acting or causing interference in the forum state; 2) the cause of action must arise from the defendant's activities in the forum state; and 3) the acts or consequences caused by the defendant must be substantially connected to the

Randazza
Legal Group
3625 S. Town Center
Drive, Suite 150
Las Vegas, NV 89135
(888) 667-1113

7

13cv1238

forum state in order to make the exercise of jurisdiction reasonable. *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 416 (9th Cir. 1997), *quoting Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995); *see also CYBERsitter*, 805 F. Supp. 2d at 967, *citing Schwarzenegger*, 374 F.3d at 802.

Plaintiff bears the burden in establishing the first two prongs of this test. *CYBERsitter*, 805 F. Supp. 2d at 967. As to these first two prongs, the Ninth Circuit evaluates purposeful availment using the *Calder* effects test, a three-part test derived from the United States Supreme Court's decision in *Calder v. Jones*, 465 U.S. 783 (1984). For purposeful direction to exist under this test, the defendant "allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006) (en banc).

Once these elements are satisfied, as set forth below, Defendants bear the burden of presenting a "compelling case" that this Court's exercise of jurisdiction would not be reasonable. *Id*. Defendants' motion has not satisfied this burden. As such, the Court may exercise specific personal jurisdiction over Defendants Roy and Amy Chanson, and their motion should be denied.

### 1. Defendants Roy and Amy Chanson committed an intentional act by publishing Plaintiff's lewd and lascivious photos on the Internet.

Intentional acts such as the Chanson Defendants' publication of the minor Plaintiff's photos need not be made with the intent to violate Plaintiff's rights, but only with an "intent to perform an actual, physical act in the real world." *CYBERsitter*, 805 F. Supp. 2d at 969, *citing Schwarzenegger*, 374 F.3d at 806. However, Defendants' publication of Plaintiff's photos in violation of federal and state law is an entirely volitional act. *See Rio Props.*, 284 F.3d at 1020 (finding operation of even a passive website to be an intentional act). Defendants Roy and

Amy Chanson availed themselves of California when they published the child Plaintiff's photos on the Internet.[3] Defendants own and operate YouGotPosted/Ugotposted under two domain names. ECF #1-1 at 7 ¶26. Navigating to <yougotposted.com> redirects users to <ugotposted.com>. YouGotPosted/Ugotposted specifically aimed its activities at California, through a California-specific page. Defendants actively solicit sexually oriented photos through several invitations on their site to "Post Nudes," including both a tab at the top of the front page and a large, pink-highlighted link located on the right of every page. The "categories" menu along the right side of every page of the site contains clickable links to various states, including California. This feature for sorting and seeking out California victims of the site is intrinsic to its operation and placed on the site by Defendants. The link to California directs users to photos of subjects from California, identifying each by his or her full name and the city of residence.

Before posting their victims' photos online, Defendants manually alter the content by inserting their watermark onto each image, including those featuring Plaintiff Abbey.[4] ECF #1-1 at 7-8 ¶¶33-34. Defendants then tag the photos based on personal information of their victims in order to categorize them based on where the victims live. ECF #1-1 at 7 ¶31. By their own admission, Defendants Roy and Amy Chanson engaged in this editing process. See Decl. of Ronald D. Green, ¶¶11-15.

Defendants' categorization of the photos by the victims' hometowns shows that Defendants know exactly where the harm of their actions will be felt. In fact, the purpose of posting the photos with the full names, cities, states, and links to

---

[3] Note that Defendants did not merely publish the photos, but solicited them, selected them, published them, assigned the victim's name and hometown to them, and placed their own watermark over them.
[4] This is an act of unmitigated gall. The Defendants, including Roy and Amy Chanson, do this because they are concerned that third parties might steal the images and use them on their own websites. Apparently, thieves themselves, the Defendants do not wish to have other parties steal their ill-gotten child pornography.

Facebook profiles of the subjects suggests that Defendants wanted no mistake in pinpointing the exact identities of each and every unsuspecting victim whose nude photos was plastered on the Web, including that of Plaintiff Abbey.

When Defendants intentionally posted the lascivious child pornographic photos of Plaintiff Abbey, identifying her by her full name, her hometown in California, and a link to her Facebook profile, they did so with full knowledge and the intent that their behavior would specifically harm her right at her front doorstep – in California. Through their actions, Defendants expected that the child's face and online social networking profiles would be inextricably connected to sexually explicit photos of her, causing shame, embarrassment, and ridicule (or worse) among those who knew her. Under the *Calder* effects test, Roy and Amy Chanson purposefully availed themselves to jurisdiction in California when they assisted the other Defendants in posting photos to YouGotPosted.

Defendants Roy and Amy Chanson materially assisted Defendant Eric Chanson in operating YouGotPosted. See Complaint, ECF # 1-1 at 5-6. Now that they have been sued, Defendants Roy and Amy Chanson deny any involvement with YouGotPosted (*see* generally, Defendants Roy and Amy Chanson's Motion to Dismiss, ECF #7). However, when it suited them, they claimed a far more active involvement. Prior to filing any suits against Defendants, an attorney for the one of the law firms representing Plaintiff Abbey spoke to the Defendants in this action, including Roy and Amy Chanson. Roy and Amy Chanson stated explicitly that they not only knew about the website, but ***actively assisted with its operations and administration***. See Decl. of Green, ¶11. Defendants Roy and Amy Chanson are knowing participants in the operation of YouGotPosted, and admitted that they engaged in editing of the photos themselves. Because California jurisdiction over issues involving YouGotPosted is proper, jurisdiction over Roy and Amy Chanson, as editors of the website, is also proper.

Accordingly, Roy and Amy Chanson, in assisting the owners and operators of YouGotPosted, have purposefully availed themselves to jurisdiction in California.

### 2. Plaintiff's causes of action arise from Defendants Roy and Amy Chanson's activities directed at California.

Knowledge that targets residents of the forum is considered express aiming under the precedent of this circuit. *Rio Props.*, 284 F.3d at 1020 (operating website aimed at Nevada casino deemed express aiming of tortious conduct into Nevada); *Bancroft & Masters, Inc. v. Augusta Nat., Inc*., 223 F.3d 1082, 1088 (9th Cir. 2000); *Panavision Itn'l, L.P. v. Toeppen*, 141 F.3d 1316, 1321 (9th Cir. 1998). When a defendant individually targets a plaintiff known to be a forum resident, that is enough to show that the defendant's actions were specifically aimed at a forum. See *Brayton Purcell LLP*, 606 F.3d at 1129 (9th Cir. 2010); *Pebble Beach Co.*, 453 F.3d at 1156-57 (9th Cir. 2006); *Panavision Int'l*, 141 F.3d at 1321-22. The facts alleged in the Complaint occurred within the State of California. The child pornographic images of Plaintiff were seen by Plaintiff and known to her while she was a California resident, creating the basis of this litigation. Furthermore, the Defendants categorized the photographs into different states – including California. Defendants knew when posting the photos that Abbey was a California resident, as that information was required in order to post her photos. Therefore, Defendants individually targeted Abbey when posting her photos, along with her full name and hometown, to a page specifically categorizing California residents.

Moreover, based on the knowledge that Roy and Amy Chanson had or should have had, they should have anticipated that Plaintiff's injury would have been within her place of residence – California. *Panavision Itn'l, L.P. v. Toeppen*, 141 F.3d 1316, 1321 (9th Cir. 1998) (holding that defendant should have reasonably anticipated jurisdiction in California after cybersquatting on movie production company's domain names, as "its principal place of business was in

Randazza Legal Group
3625 S. Town Center Drive, Suite 150
Las Vegas, NV 89135
(888) 667-1113

California, and the heart of the theatrical motion picture and television industry is located there"); *Rio Props*., 284 F.3d at 1020 ("RII knowingly injured RIO in Nevada – its principal place of business and the capital of the gaming industry," by operating a passive website).

As shown above, Defendants regularly engaged in collecting and soliciting photos from California residents. Defendants, including Roy and Amy Chanson, knew or should have known Abbey lived in California, as they required that information as a condition of distributing Plaintiff's images. Defendants posted Plaintiff's photos along with her full name and the California city in which she resides, and associated it with an index term categorizing it with other entries from the state. Based upon Roy and Amy Chanson's own words and claims, they engaged in editing of the photographs.[5]

Plaintiff Abbey's causes of action relate directly to Defendants' acts with California. Therefore, the second factor of the three-part specific jurisdiction analysis is satisfied.

### 3. This Court may reasonably exercise jurisdiction over Defendants Roy and Amy Chanson.

With Plaintiff satisfying the first two prongs of the Ninth Circuit's test for specific personal jurisdiction, the burden to show the Court's exercise of jurisdiction is unreasonable shifts onto Defendants. *CYBERsitter*, 805 F. Supp. 2d at 967. To meet this burden, Defendants must present a "compelling case" that this Court's exercise of jurisdiction would be unreasonable. *Id*., *quoting Burger*

---

[5] Whether Roy and/or Amy Chanson actually edited these particular photographs of this particular child is unknown before discovery. Nevertheless, their own admissions support the claim that they are knowing and willful participants in this enterprise, and they should not be set loose simply because they have raised the uncreative defense of "we didn't do it." When it served them, they claimed to be involved in operations at Yougotposted/Ugotposted. Decl. of Green, ¶11. Now that they have learned that their actions may subject them to liability, they claim complete ignorance and uninvolvement. At the very least, they should submit themselves to discovery.

Case 3:13-cv-01238-CAB-BLM   Document 17   Filed 10/29/13   Page 16 of 20

*King Corp. Rudzewicz*, 471 U.S. 462, 477 (1985). Courts consider seven factors when analyzing whether the exercise of personal jurisdiction would be reasonable:

> (1) the extent of a defendant's purposeful interjection;
> (2) the burden on the defendant in defending in the forum;
> (3) the extent of conflict with the sovereignty of the defendant's state;
> (4) the forum state's interest in adjudicating the dispute;
> (5) the most efficient judicial resolution of the controversy;
> (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and
> (7) the existence of an alternative forum.

*Id*. at 973. As explained below, the balance of these factors weighs in the minor Plaintiff's favor, and Defendants have not satisfied their burden of presenting a "compelling case" that this Court's exercise of personal jurisdiction over them would be unreasonable.

As Defendants have inserted themselves into California, it is reasonable for them to stand suit in connection with those activities. Purposeful interjection is "analogous" to the purposeful direction analysis discussed above. *Sinatra v. Nat'l Enquirer, Inc.*, 854 F.2d 1191, 1199 (9th Cir. 1988); *see Corporate Inv. Bus. Brokers v. Melcher*, 824 F.2d 786, 790 (9th Cir. 1987) (discussing that the "purposeful injectment" factor receives "no weight once it is shown that the defendant purposefully directed its activities to the forum state"). As this prong has been satisfied above, Roy and Amy Chanson have purposefully interjected their activities into California. The weight of this factor favors the Court exercising personal jurisdiction over Defendants Roy and Amy Chanson.

Because the first two elements of the three-part test are satisfied, there is a presumption that California's personal jurisdiction over Roy and Amy Chanson is reasonable. However, even if reasonableness were not presumed, Plaintiff can show that jurisdiction is reasonable. Californian after Californian finds herself (or himself) victimized by these Defendants, each of them targeted by name with as

13

13cv1238

Randazza
Legal Group
3625 S. Town Center
Drive, Suite 150
Las Vegas, NV 89135
(888) 667-1113

much personal information about them as the Defendants can muster. If California's courts will offer no comfort to the California victims, then who reasonably will? It is in California's interest to its citizens to protect its minors from sexual exploitation online. Defendants exposed Plaintiff, a minor, by posting the graphic lascivious exhibition of her genital or pubic area on their website. Because the child in question is a resident of California, California has a direct interest in the resolution of this Complaint.

Roy and Amy Chanson knew Plaintiff Abbey resided in California because her location was *required* to post her images. The Defendants' unlawful commercial child pornography enterprise categorized Plaintiff as a California resident. See ECF # 1-1 at 7 ¶31. Since Defendants knew full well that Plaintiff would be exploited within the forum state when they posted a series of sexually explicit photographs of her on YouGotPosted/UGotPosted, the Court has specific personal jurisdiction over the Chansons. In this case, as editors of the website, Roy and Amy Chanson would have known where Plaintiff lived even if they conducted no inquiry into her whereabouts. Her location was *required* to post the images of her. Defendants placed Plaintiff's photos under the California tag on YouGotPosted/UGotPosted, *proving* that they *knew* where she lived. In addition, Defendants post personal information of all of the subjects whose photos appear on the website, including links to Facebook pages, so that visitors of the site may contact them. Defendants, including Roy and Amy Chanson, fully knew that the subjects of the photos on their website are injured in their home state. Indeed, Defendants gathered the location of each victim before posting the images. This makes it all but certain that the site's operators knew precisely where all of their victims were located, and specifically sought to harm them right here at home – in California. Otherwise, what purpose is served by displaying the victims' name and hometown? Thus, Roy and Amy Chanson knew that their tortious acts outside

of the state would injure Plaintiff in California, and the Court may reasonably exercise specific jurisdiction over the Chansons.

Additionally, Plaintiff is a minor who has brought this complaint through her mother over Defendants' distribution of lewd and lascivious, sexually explicit images of her.  Because Plaintiff is under 18 years old, it is in her best interest to litigate her cause of action in the state where she is domiciled, in California.  Should this child be forced to chase each individual Defendant in each of these jurisdictions?  Or should this child receive justice here—where all of the harm is focused and felt? As operators of YouGotPosted/UGotPosted, Roy and Amy Chanson, in concert with the other Defendants, posted the photos online with the knowledge that Plaintiff lives in California.  Therefore, it is just that the lawsuit remain in California.  On the other hand, dismissing this case for lack of personal jurisdiction would require a victimized child to travel to unknown locales – either Arizona, New Jersey, Illinois, or whatever other state the Chansons and their co-conspirators claim would be proper.  Is it just or proper that a child should be forced to travel far from home, when the victimization of that child took place in California and all of the effects of the victimization were in California?  The audacity of these Defendants seems to know no bounds.

In weighing these factors, the burden on Defendants is light in comparison, as most of the evidence would be located in California.  Considering the totality of these circumstances, specific jurisdiction over Roy and Amy Chanson is reasonable – and any other determination would be grossly unjust.

### IV.   CONCLUSION

Plaintiff Abbey respectfully requests this Court to deny Defendants Roy and Amy Chanson's Motion to Dismiss pursuant to Rule 12(b)(2).  Plaintiff has met her burden of establishing a *prima facie* case of personal jurisdiction over the Chansons.   California may exercise general jurisdiction over Roy and Amy

Randazza
Legal Group
3625 S. Town Center
Drive, Suite 150
Las Vegas, NV 89135
(888) 667-1113

15

13cv1238

Chanson because their contacts with the state are so systematic and continuous that they may be haled into Court here. California has specific personal jurisdiction over Roy and Amy Chanson because, as admitted editors of the YouGotPosted/UGotPosted website, they purposefully availed themselves of the privilege of conducting business in California; second, Plaintiff's cause of action arose from Roy and Amy Chanson's activities within the state; and third, Roy and Amy Chanson's tortious acts had a substantial enough connection with California to make exercise of jurisdiction reasonable.

Dated: October 29, 2013  Respectfully Submitted,

RANDAZZA LEGAL GROUP

/s/ Marc J. Randazza
Marc J. Randazza (Cal. Bar # 261986)
Christopher A. Harvey (Cal. Bar # 261986)
Randazza Legal Group
3625 S. Town Center Drive, Suite 150
Las Vegas, NV 89135

Attorneys for Plaintiff Abigail (Abbey) Talley, through her mother, Elizabeth Talley

# CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I am a representative of Randazza Legal Group and that on this <u>29th</u> day of <u>October</u>, 2013, I caused documents entitled:

- PLAINTIFF'S OPPOSITION TO DEFENDANTS ROY AND AMY CHANSON'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(2); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION

to be served as follows:

[ X ] by depositing same for mailing in the United States Mail, in a sealed envelope addressed to Defendants' known addresses; and/or

[ ] Pursuant to Fed. R. Civ. P. 5(b)(2)(D), to be sent via facsimile as indicated; and/or

[ ] to be hand-delivered;

[ ] by the Court's CM/ECF system.

_an employee of Randazza Legal Group_