Marc J. Randazza, Cal. Bar No. 269535
Christopher A. Harvey, Cal. Bar. No. 261986
RANDAZZA LEGAL GROUP
3625 S. Town Center Drive, Suite 150
Las Vegas, NV 89135
Telephone: 702-420-2001
Facsimile: 305-437-7662
ecf@randazza.com

Attorneys for Plaintiff,
Abigail (Abbey) Talley, through her mother, Elizabeth Talley

**IN THE UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ABIGAIL TALLEY, a minor, through her mother ELIZABETH TALLEY,<br><br>Plaintiff,<br><br>vs.<br><br>ERIC S. CHANSON, an individual;<br>ROY E. CHANSON, an individual;<br>AMY L. CHANSON, an individual;<br>KEVIN C. BOLLAERT, an individual;<br>BLUE MIST MEDIA, LLC, a limited-liability company of unknown origin, d/b/a "YOUGOTPOSTED,"<br><br>Defendants. | Case No. 3:13-cv-01238-CAB-BLM<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS ROY AND AMY CHANSON'S MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11** |

# TABLE OF CONTENTS

I.      INTRODUCTION ....................................................................................... 1

II.     STATEMENT OF FACTS........................................................................ 2

III.    LEGAL ARGUMENT............................................................................... 3

    A. PLAINTIFF CONDUCTED A REASONABLE PRE-SUIT INQUIRY INTO ITS ALLEGATIONS, WHICH CONTRADICTS ROY AND AMY CHANSON'S CURRENT CLAIMS OF INNOCENCE. .................................. 4

       1. PLAINTIFF'S PRE-SUIT INQUIRY WAS SUPPORTED BY SEVERAL SOURCES, INCLUDING ROY AND AMY CHANSON THEMSELVES. ................................................................................. 5

       2. IN ADDITION TO EXTANT EVIDENCE, PLAINTIFF'S ALLEGATIONS WERE SUPPORTED BY "EVIDENCE REASONABLY ANTICIPATED AFTER FURTHER DISCOVERY." ................................. 8

    B. EVEN IF SANCTIONS WERE APPROPRIATE, ROY AND AMY CHANSON FALSELY CLAIMED THEY WERE PROCEEDING *PRO SE*, AND THE MOTION SHOULD BE STRICKEN. ............................................. 9

IV.    CONCLUSION ........................................................................................ 11

Randazza
Legal Group
3625 S. Town Center
Drive, Suite 150
Las Vegas, NV 89135
(888) 667-1113

ii

13cv1238

# TABLE OF AUTHORITIES

**Cases**

*Alling v. Am. Tool & Grinding Co.*, 96 F.R.D. 221, 225 (D. Colo. 1982) .............. 10

*Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 683 (7th Cir. 1992) ...... 4

*Business Guides v. Chromatic Communications*, 892 F.2d 802 (9th Cir. 1989) ....... 4

*Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 399 (1990) .................................. 5

*Doran v. Carris*, 238 F.3d 1268, 1272 (10th Cir. 2001) ........................................... 9

*G.C. & K.B. Investments, Inc. v. Wilson*, 326 F.3d 1096 (9th Cir. 2003) ................ 4

*Greer v. Kane*, 519 U.S. 1042 (1996) ..................................................................... 9

*Johnson v. Board of County Comm'rs for County of Freemont*, 868 F. Supp. 1226
   (D. Colo. 1994) ................................................................................................... 9

*Kendrick v. Zanides*, 609 F. Supp. 1162, 1172 (N.D. Cal. 1985) ............................ 3

*Lanier v. Futch* (*In re Futch*), Case No. 09-01841 2011 Bankr. LEXIS 1935 at
   *12-13 (Bankr. S.D. Miss. May 18, 2011) ......................................................... 10

*Laremont-Lopez v. Southeastern Tidewater Opportunity Center*, 968 F. Supp. 1075
   (E.D. Va. 1997) ................................................................................................... 9

*Operating Engineers Pension Trust v. A-C Co.*, 859 F.2d 1336, 1344 (9th Cir.
   1988) ................................................................................................................... 7

*Ricotta v. State of California*, 4 F. Supp. 2d 961 (S.D. Cal. 1998) ..................... 9, 11

*Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1177 (9th Cir. 1996) .................... 3

*Townsend v. Holman Consulting Corp.*, 914 F.2d 1136, 1142 (9th Cir. 1990) ........ 5

*U.S. v. Kouri-Perez*, 187 F.3d 1, 8 (1st Cir. 1999) .................................................. 5

*ViaView v. Chanson et al.*, Case No. 2:12-cv-01657 (D. Nev. 2012) ..................... 5

*Zalvidar v. City of Los Angeles*, 780 F.2d 823, 830 (9th Cir. 1986) ........................ 4

**Rules**

Fed. R. Civ. P. 11 ........................................................................ 1, 3, 4, 8, 9, 10

Randazza Legal Group
3625 S. Town Center Drive, Suite 150
Las Vegas, NV 89135
(888) 667-1113

# PLAINTIFF'S OPPOSITION TO MOTION FOR SANCTIONS

Plaintiff, Abigail (Abbey) Talley, through her mother, Elizabeth Talley, hereby files this Opposition to Defendants Roy E. Chanson and Amy L. Chanson's Motion for Sanctions Pursuant to Rule 11 ("Motion").

## I.   INTRODUCTION

Defendants Roy and Amy Chanson have moved for sanctions based on their revised version of events preceding this lawsuit. The sworn facts Plaintiff relied upon in bringing this action, however, contradict Roy and Amy Chanson's version of events. The best scenario for Roy and Amy Chanson is that the previously investigated facts are disputed, and will be resolved in discovery. At worst, they have misrepresented the facts in their sworn statements to the Court. Neither scenario is a proper basis for sanctions against Plaintiff's counsel, and the Motion should be denied.

As early as September 2012, Plaintiff's counsel came into possession of information strongly indicating that Roy and Amy Chanson were involved in the operation of the UGotPosted/YouGotPosted site and its predecessor site, previously found at the domain name <isanyoneup.net>.[1] The individuals who provided this information had at least one phone conversation with Roy and Amy Chanson where they indicated the Chansons had a level of participation and involvement in the site. Their level of involvement was apparent when Roy and Amy Chanson took an active role in negotiation over settlement of a different lawsuit. Only months later, upon the advent of this litigation, did Roy and Amy Chanson then deny **any** involvement. However, based on the pre-existing evidence of Roy and Amy Chanson's involvement in the YouGotPosted/UGotPosted site in the possession of Plaintiff's counsel, Plaintiff's

---

[1] These websites were "revenge porn" sites – websites where the owner of the site publishes misappropriated sexually explicit images of individuals, and then publishes the photographs (without the subjects' consent) along with as much personally identifying information as they can gather.

Randazza
Legal Group
3625 S. Town Center
Drive, Suite 150
Las Vegas, NV 89135
(888) 667-1113

1

13cv1238

Complaint was filed with appropriate evidentiary support after a reasonable inquiry into the facts it alleges.

Most troubling in Roy and Amy Chansons' Motion, however, is the revelation that they are not proceeding *pro se* as they represent to the Court. While Roy and Amy Chanson present themselves as proceeding *pro se*, they actually paid an offshore Indian firm, whose lawyers are not licensed in this District (and in fact, not even licensed in this *country*) to draft their Motion. The Chansons only now mention hiring an Indian firm because their improper actions (which are clearly prohibited in this District) were brought to light in another case they filed with the same type and manner of pleadings. Accordingly, under California law, Defendants' Motion to Dismiss and Motion for Sanctions should be stricken, and the attorneys committing the unlicensed practice of law should be sanctioned.

## II. STATEMENT OF FACTS

The origins of this litigation precede the filing of the Complaint, or even the Defendants' publication of Plaintiff's lewd and lascivious images. In September 2012, Roy and Amy Chanson communicated over the telephone with Ronald D. Green, Esq. in connection with a prior dispute concerning the YouGotPosted/UGotPosted site (See Declaration of Ronald D. Green ¶¶ 16-17; see also Declaration of Marc J. Randazza ¶ 3). In fact, Mr. Green had several conversations with Defendants Eric Chanson, Amy Chanson and Roy Chanson between September 15 and 17, 2012. (Decl. of Green ¶ 17).

During those conversations in September 2012, Roy and Amy Chanson represented to be aware of the site, its content, and were holding themselves out to be assisting their co-defendant, Eric Chanson, with its operation (Decl. of Green ¶¶ 12-14). Specifically, Roy Chanson stated that he was helping Eric manually modify the watermarks on photographs found on the site (Decl. of Green ¶¶ 12-

14).  Roy and Amy Chanson both spoke for Eric, the Site, and "Blue Mist Media," regarding their respective positions in that dispute – certainly with the apparent settlement authority to do so.  (Decl. of Green ¶ 3).  Long before this underlying lawsuit came into existence, Roy and Amy Chanson knew about the UGotPosted/YouGotPosted site, and even told Mr. Green that they were aware of the site's content, and that they were of the position that it was completely legal.  Roy and Amy Chanson's statements confirmed that they were participating in the site's transactions (including the settlement of other pending litigation), and the site's operations, including the editing of images displayed within it (Decl. of Green ¶¶ 12-14).

The Plaintiff brought this case only after what she considered a rigorous pre-filing investigation of Roy and Amy Chanson's involvement in the YouGotPosted/UGotPosted site – relying on conversations between the Chansons and Mr. Green (a partner at Randazza Legal Group), the representations of others, and Roy and Amy Chanson's refusal to speak directly with Mr. Randazza regarding their involvement in the site (See generally, Randazza Decl.).

### III.   LEGAL ARGUMENT

Federal Rule of Civil Procedure 11 grants a district court jurisdiction to award sanctions where a party submits a pleading for an improper purpose, or if their allegations and factual contentions do not have evidentiary support. *Sneller v. City of Bainbridge Island*, 606 F.3d 636, 638 (9th Cir. 2010); *Christian v. Mattel, Inc.,* 286 F.3d 1118, 1127 (9th Cir. 2002); *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1177 (9th Cir. 1996). Once a Rule 11 motion is filed, the non-moving party shall show that it made a reasonable pre-suit investigation. Fed. R. Civ. P. 11(b)(3).  A reasonable inquiry means that the non-moving party must have sought "sufficient credible information" rather than on suspicions, opinions, or conclusions. *Kendrick v. Zanides,* 609 F. Supp. 1162, 1172 (N.D. Cal. 1985).

The duty is to find facts that support more than a "rumor or hunch." *Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 683 (7th Cir. 1992). Plaintiff has met this standard, and sanctions against Plaintiff's counsel are inappropriate.

Plaintiff's counsel conducted <u>more</u> than a reasonable pre-filing inquiry before bringing this action. Plaintiff's counsel's investigation was based on sworn testimony made months before this suit was filed, which was based on the statements of Roy and Amy Chanson themselves. Furthermore, there is no requirement for the Court to impose *monetary* sanctions upon Plaintiff's counsel even if sanctions were somehow appropriate. Fed. R. Civ. P. 11. There is similarly no requirement that any sanction be made payable to the movant, contrary to Roy and Amy Chanson's request that they be the beneficiaries of their own motion (ECF 7). Additionally, because Roy and Amy Chanson have already admitted that, as in a similar case in another district, their motions were the result of unethical UPL, committed by employees of a company in India (and blatantly misrepresented as *pro se* pleadings), the motion was not proper and should be stricken. See Exhibit A, Defendants Roy and Amy Chanson's Opposition to Plaintiff's Motion to Strike, *Jane Doe v. Bollaert, et al*, Case No. 2:13-cv-00486 (S.D. Ohio 2013); see also Exhibit B, Defendants Roy and Amy Chanson's Amended Motion for Sanctions and Amended Motion to Dismiss.

### A. Plaintiff Conducted a Reasonable Pre-Suit Inquiry Into Its Allegations, Which Contradicts Roy and Amy Chanson's Current Claims of Innocence.

The United States Court of Appeals for the Ninth Circuit uses an objective standard for granting sanctions, which is left to the Court's discretion, and is a question of whether the attorney's conduct was reasonable under the circumstances. *Business Guides v. Chromatic Communications*, 892 F.2d 802, 808 (9th Cir. 1989); *G.C. & K.B. Investments, Inc. v. Wilson*, 326 F.3d 1096, 1109 (9th Cir. 2003); *Zalvidar v. City of Los Angeles*, 780 F.2d 823, 830 (9th Cir.

Randazza
Legal Group
3625 S. Town Center
Drive, Suite 150
Las Vegas, NV 89135
(888) 667-1113

4

13cv1238

1986), *abrogated on other grounds by Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 399 (1990). Before filing suit, an attorney is required to make a "reasonable inquiry," defined as an inquiry that is "reasonable under all circumstances of a case." *Townsend v. Holman Consulting Corp.*, 914 F.2d 1136, 1142 (9th Cir. 1990), *quoting Cooter & Gell*, 496 U.S. at 404.

For the Court to impose Rule 11 sanctions, the movant must show "objectively unreasonable conduct" by the non-movant. *U.S. v. Kouri-Perez*, 187 F.3d 1, 8 (1st Cir. 1999). The purpose of Rule 11 sanctions is to deter "baseless" filings, *Cooter & Gell*, 496 at 393, rather than act as a tool for a defendant unwilling to proceed with litigation to seek release from a suit where he or she is reasonably and properly named. Plaintiff's knowledge of Roy and Amy Chanson's activity in the YouGotPosted/UGotPosted site arises in large part from Roy and Amy Chanson's conduct in another lawsuit also related to their enterprise, *ViaView v. Chanson et al.*, Case No. 2:12-cv-01657 (D. Nev. 2012), in which counsel for Plaintiff represented another client who filed a trademark infringement action against the Chanson Defendants and others. (Decl. Green ¶4).

### 1. Plaintiff's Pre-Suit Inquiry Was Supported By Several Sources, Including Roy and Amy Chanson Themselves.

Roy and Amy Chanson had several conversations about the YouGotPosted/UGotPosted site with Messrs. Green and Randazza. As Eric Chanson claims in his motion to dismiss, he put Amy Chanson "on the phone to talk to Randazza" regarding the site. (ECF 5) Mr. Green's phone records further indicate that he had five calls with Eric Chanson's phone number between September 15 and 17 2012, with Roy and Amy Chanson both participating at various points (Decl. of Green ¶ 17). During these calls, Amy Chanson discussed the site and a settlement agreement with another client (Decl. of Green ¶ 18). Additionally, Roy Chanson represented that he and Amy were, at a minimum, aware of the site and assisting Eric in the editing of the photos on the site – a

Randazza
Legal Group
3625 S. Town Center
Drive, Suite 150
Las Vegas, NV 89135
(888) 667-1113

5

13cv1238

process that Roy Chanson pointed out, complaining quite forcefully, was time-consuming and labor intensive (*id*. ¶¶ 12-13).

This information was secondarily confirmed by a non-party to this litigation, James McGibney, owner of ViaView. During the ViaView litigation, Eric Chanson informed Mr. McGibney that he, in Mr. Gibney's words, "could not take action" with respect to the website or the settlement agreement "without the consent and approval of his parents," who are, Roy and Amy Chanson (Exhibit C, Decl. of James McGibney, *Jane Doe v. Bollaert, et al*, Case No. 2:13-cv-00486 (S.D. Ohio 2013), ¶ 8). McGibney's telephone conversations with Eric Chanson occurred in September 2012 (*id*. ¶ 7).[2] Plaintiff's counsel knew the contents of McGibney's conversations with Eric Chanson well in advance of filing this suit. (Randazza Decl. ¶¶ 4-7). In short, Roy and Amy participated in the operation of the sites at the highest level – or they (and Eric Chanson) were less than truthful about that fact to two different parties, at two different times.

Based on this information, Plaintiff believed that Roy and Amy Chanson had some role in the operation of YouGotPosted/UGotPosted since at least September 2012. Roy Chanson informed Mr. Green that he and Amy were assisting his son in altering images to the site (Decl. of Green ¶¶ 12-15). According to McGibney, Eric Chanson needed the approval of Roy and Amy Chanson before acting to bind the YouGotPosted/UGotPosted site (Exhibit C at ¶ 8). Even in an unsworn attempt to exonerate his parents, Eric Chanson admits to putting his mother on the phone to speak to Mr. Randazza, and her engaging in the phone call (ECF # 5) – an act that defies logic and reason if she truly had no

---

[2] It is worth noting that Eric Chanson is well beyond the age of majority. Based on Plaintiff's counsel's investigation, he is believed to be in his mid-to-late twenties. Accordingly, this is not a young kid seeking his parents' approval, but an adult male who clearly was in business with the other Chansons – until it became legally inconvenient.

knowledge of, or involvement in, the YouGotPosted/UGotPosted site and its operations.

Where the legal basis of an argument is based on a "good faith belief in the merit of a legal argument as an objective condition which a competent attorney attains only after a reasonable inquiry," sanctions are inappropriate. *Zalidivar*, 780 F.2d at 831. A district court may determine whether sanctions are appropriate by evaluating the reasonableness of the attorney's belief at the time the paper is filed. *Operating Engineers Pension Trust v. A-C Co.*, 859 F.2d 1336, 1344 (9th Cir. 1988). The facts obtained prior to filing suit constituted a reasonable pre-suit inquiry under the circumstances. Roy and Amy Chanson, as well as their son, Eric, provided Plaintiff's counsel the information necessary to determine they had at least some role in the administration of the site (Decl. of Green ¶¶ 11-15; Exhibit 4), and apparent (if not actual) authority over the site's operations (Exhibit C at ¶ 8) (stating that Eric needed to consult with his parents before acting on the site's behalf).

Additionally, filing suit against Roy and Amy Chanson in California was not unreasonable based upon the facts in Plaintiff's counsel's possession. Plaintiff is located in California and has suffered harm within her home jurisdiction. As set forth in Plaintiff's opposition to Roy and Amy Chanson's motion to dismiss, YouGotPosted/UGotPosted has numerous California victims, advertises their presence on the site, and solicits submissions of images from California residents, and lists a San Diego address on the WHOIS information for the website and a San Diego address as its mailing address. This information was publicly available to Plaintiff and Plaintiff's counsel prior to filing the Complaint. Plaintiff, and Plaintiff's counsel, conducted a reasonable inquiry as to the Court's entitlement to exercise personal jurisdiction over all Defendants before bringing this suit. Under the *Calder* effects test and the facts submitted to the Court (See, generally Decl. of

Green), it does have jurisdiction, and Plaintiff's discussion of this test should be considered incorporated herein by reference.

To the extent Roy and Amy Chanson now dispute the sworn statements of Messrs. McGibney and Green, this does not render Plaintiff's pre-suit investigation of the facts unreasonable. Plaintiff's counsel had no reason to doubt the statements of Mr. McGibney. Similarly, Plaintiff's counsel had no reason to doubt the statements of Mr. Green, who has been an attorney in Nevada since 2000 and is a partner in Randazza Legal Group (Decl. of Green at ¶ 1), but who is not an attorney of record in this case. Based on the facts known to Plaintiff's counsel and the sources through which they were obtained, Plaintiff's pre-suit investigation was reasonable – in fact, the evidence relied upon was extensive and reliable.

**2. In Addition to Extant Evidence, Plaintiff's Allegations Were Supported By "Evidence Reasonably Anticipated After Further Discovery."**

Despite attempts to communicate with the Chansons and their Nevada counsel before filing and prosecuting the underlying case, the Chansons refused to candidly discuss the YouGotPosted/UGotPosted site (Randazza Decl. ¶ 7). Rule 11(b)(3) contemplates conduct like the Chansons' – refusing to cooperate in a pre-suit investigation, and then seeking sanctions based on an allegedly insufficient investigation – and allows for the allegation of facts to be established in discovery. Based on the Chansons' representations to James McGibney and Ronald Green – who have sworn to these statements under penalty of perjury – there was substantial justification for Plaintiff's counsel to allege that, upon information and belief, Roy and Amy Chanson "supervised, assisted, and participated in the formatting and distribution of images appearing on the YouGotPosted site." (ECF 1-1 ¶¶ 16, 19)

Randazza
Legal Group
3625 S. Town Center
Drive, Suite 150
Las Vegas, NV 89135
(888) 667-1113

8

13cv1238

### B. Even If Sanctions Were Appropriate, Roy and Amy Chanson Falsely Claimed They Were Proceeding *Pro Se*, and the Motion Should be Stricken, and fees should be awarded to the Plaintiff.

Courts across the nation, including the Southern District of California, have universally condemned the ghost-writing of ostensibly *pro se* filings. *See, e.g., Ricotta v. State of California*, 4 F. Supp. 2d 961 (S.D. Cal. 1998); *Johnson v. Board of County Comm'rs for County of Freemont*, 868 F. Supp. 1226 (D. Colo. 1994) ("Ghostwriting is a deliberate evasion of Rule 11 and the practice is '*ipso facto*' lacking in candor."). The Eastern District of Virginia opined that, in addition to violating Rule 11, ghostwriting exploits the leniency given to *pro se* litigants. *Laremont-Lopez v. Southeastern Tidewater Opportunity Center*, 968 F. Supp. 1075 (E.D. Va. 1997) (Ghostwriting pleadings without acknowledging authorship is inconsistent with Fed. R. Civ. P. 11); see also *Doran v. Carris*, 238 F.3d 1268, 1272 (10th Cir. 2001) (Ethics requires that a lawyer acknowledge the giving of his advice by the signing of his name).

It is ironic that a Rule 11 motion would, itself, be drafted and filed in clear violation of Rule 11. (ECF 16 at 4, 7). Nevertheless, ghost-written motions clearly violate Rule 11 – and this is not just clear nationwide, but is glaringly clear in this very district. See*, e.g., Ricotta v. State of California*, 4 F. Supp. 2d 961, 985-986 (S.D. Cal. 1998) (citing *Ellis*, 448 F. 2d 1325; *Johnson*, 865 F. Supp. 1226; *Greer v. Kane*, 519 U.S. 1042 (1986); *Laremont-Lopez*, 968 F. Supp. 1075). In *Ricotta*, this Court condemned the practice of ghostwriting, but declined to discipline the attorney or the party due to the lack of clear guidelines against the practice existing at that time, roughly 15 years ago. *Id*. at 988.

> Ghost-writing raise[s] three areas of concern. First, . . . the standard practice of federal courts is to interpret filings by *pro se* litigants liberally and to afford greater latitude as a matter of judicial discretion. [Therefore,] allowing a *pro se* litigant to receive such latitude in addition to assistance from an attorney would disadvantage the nonoffending party. Second, . . . ghost-writing is a

9

13cv1238

deliberate evasion of the responsibilities imposed on counsel by Fed. R. Civ. P. 11. Rule 11 obligates members of the bar to sign all documents submitted to the court, to personally represent that there are grounds to support the assertions made in each filing. Third, . . . such behavior implicate[s] the Rules of Professional Responsibility, specifically the ABA's Model Code of Responsibility DR 1-102(A)(4), providing that an attorney should not engage in conduct involving dishonesty, fraud, deceit or misrepresentation. Additionally,. . . '[h]aving a litigant appear to be *pro se* when in truth an attorney is authoring pleadings and necessarily guiding the course of the litigation with an unseen hand is ingenuous to say the least; it is far below the level of candor which must be met by members of the bar.' *Ricotta*, 4 F. Supp. 2d at 986.

Now, with 15 years' worth of calcification of this rule, there is no excuse for unlicensed parties representing allegedly *pro se* litigants from behind a veil of secrecy – which was only pierced through luck.

Courts have stricken ghost-written pleadings because of their inherent dishonesty before the tribunal based on the powers of Rule 11. See Fed. R. Civ. P. 11(a) (requiring the Court to strike pleadings not signed by an attorney or a party if the party is actually unrepresented); *Lanier v. Futch* (*In re Futch*), Case No. 09-01841 2011 Bankr. LEXIS 1935 at *12-13 (Bankr. S.D. Miss. May 18, 2011) (striking filing ghost-written by an author with legal training, but signed by *pro se* litigants); *Alling v. Am. Tool & Grinding Co.*, 96 F.R.D. 221, 225 (D. Colo. 1982) (acknowledging striking of ghost-written filings as "direct[ed]" under Fed. R. Civ. P. 11).

In a similar lawsuit pending in the U.S. District Court for the Southern District of Ohio, Defendants Roy and Amy Chanson have admitted that they used an offshore legal service firm in India to draft their motions to dismiss and motion for sanctions. As a result of this admission, the Ohio Court struck all of Roy and Amy Chanson's motions that had been drafted by an offshore Indian firm. See

Exhibit D, Order on Plaintiff's Motion to Strike, *Doe v. Bollaert*, 2:13-cv-00486-GLF-MRA (S.D. Ohio 2013).

Now, Defendants Roy and Amy Chanson have admitted they used the offshore firm to draft their Motion for Sanctions in this case, as well. See Exhibit B. Defendants have only admitted in this lawsuit that they used the offshore service because they were caught in the Southern District of Ohio. See Exhibit D. Therefore, Defendants Roy and Amy Chanson's motion for sanctions constitutes an improperly ghostwritten filing, and, following this Court's precedent in *Ricotta*, should be stricken. In the interest of judicial economy, Plaintiff did not file a separate motion to strike, but relies on case authority in *Ricotta* to have the instant motion stricken by the Court.

Furthermore, Defendants admitted that their Motion to Dismiss (ECF #7) was ghost-written, as well. See Exhibit B. Accordingly, Defendants Roy and Amy Chanson's Motion to Dismiss should also be stricken. Plaintiff respectfully requests this Court follow the Southern District of Ohio's lead in striking these filings from the record and requiring Defendants to re-file responsive pleadings.

Furthermore, while the *Ricotta* court declined to impose sanctions due to the lack of clarity on this point of law, this court should not give a free pass to such conduct. If anything, the Defendants should not only have their pleadings stricken, but should be compelled to pay the Plaintiff's reasonable fees incurred in defending the unethically-submitted motion and in dealing with any other ghost-written pleadings.

### IV.   CONCLUSION

Roy and Amy Chanson's request for sanctions is improper, pretextual, and should not be granted. Plaintiff's counsel conducted a reasonable inquiry into both the facts alleged in the complaint (and those expected to be developed in discovery) and the basis for this Court's jurisdiction.

Defendants Roy and Amy Chanson have improperly submitted ghostwritten documents, and those motions should be stricken by the Court without a separate motion to strike per *Ricotta*. Based on Plaintiff's reasonable pre-suit investigation based on sworn testimony from two sources and information available from the YouGotPosted/UGotPosted site, Defendants Roy and Amy Chanson's motion should be denied.

Dated: October 29, 2013  Respectfully Submitted,

RANDAZZA LEGAL GROUP


/s/ Marc J. Randazza
Marc J. Randazza (Cal. Bar # 261986)
Christopher A. Harvey (Cal. Bar # 261986)
Randazza Legal Group
3625 S. Town Center Drive, Suite 150
Las Vegas, NV 89135

Attorneys for Plaintiff Abigail (Abbey) Talley, through her mother, Elizabeth Talley

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I am a representative of Randazza Legal Group and that on this 29th day of October, 2013, I caused documents entitled:

- PLAINTIFF'S OPPOSITION TO DEFENDANTS ROY AND AMY CHANSON'S MOTION FOR SANCTIONS UNDER RULE 11; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION

to be served as follows:

[X] by depositing same for mailing in the United States Mail, in a sealed envelope addressed to Defendants' known addresses; and/or

[ ] Pursuant to Fed. R. Civ. P. 5(b)(2)(D), to be sent via facsimile as indicated; and/or

[ ] to be hand-delivered;

[ ] by the Court's CM/ECF system.

*/s/*
an employee of Randazza Legal Group