# EXHIBIT C

# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| JANE DOE, through her father JOHN DOE, <br><br> Plaintiff, <br><br> vs. <br><br> KEVIN C. BOLLAERT, an individual; <br> ERIC S. CHANSON, an individual; <br> ROY E. CHANSON, an individual; <br> AMY L. CHANSON, an individual; BLUE MIST MEDIA, LLC, a limited-liability company of unknown origin, d/b/a "YOUGOTPOSTED"; and "JOHN DOE," an individual, <br><br> Defendants. | Case No.: 2:13-cv-00486-GLF-MRA <br><br> **DECLARATION OF JAMES MCGIBNEY IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT ROY AND AMY CHANSON'S MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(2)** |

## DECLARATION OF JAMES MCGIBNEY

I, James McGibney, declare under penalty of perjury, as follows:

1. I am over the age of eighteen (18) years and have never been convicted of a felony or crime involving fraud and dishonesty. I have first-hand knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2. I am the President of ViaView, Inc. and have held that position since 2011.

3. ViaView is the plaintiff in a trademark infringement claim against many of the same Defendants as the *Doe v. Bollaert* lawsuit.

4. Upon information and belief, my counsel negotiated the purchase of all three domain names disputed in the ViaView v. Chanson litigation, Case No. 2:12-cv-1657 (D. Nev. 2012), with Eric Chanson, the son of Defendants Roy and Amy Chanson. To the best of my knowledge, my counsel reached an agreement with Eric Chanson regarding the issues in the lawsuit I am a party to.

5. After an agreement was reached, Eric Chanson continued to bombard my counsel with telephone calls regarding the settlement and the terms thereof, as reflected in the time entries on invoices I received from Randazza Legal Group.

6. Among Eric Chanson's requests to my counsel was that he be permitted to have a telephone conversation with me. I agreed to speak with Eric Chanson in order to complete the settlement agreement.

7. On or about September 14, 2012, I discussed this matter via telephone with Eric Chanson pursuant to his request.

8. During my conversation with Eric Chanson, he informed me that he wanted to honor the terms of our settlement agreement but that he could not take action with regard to the settlement or the involuntary pornography website without the consent and approval of his parents, Defendants Roy and Amy Chanson.

9. Shortly after my conversation with Mr. Chanson, my attorney, Ronald Green, informed me that Roy and Amy Chanson had begun participating in discussions between Mr. Green and Eric Chanson.

10. Specifically, Mr. Green informed me that Amy Chanson had told him that Eric Chanson had signed the agreement but that she could not transmit it because her facsimile machine was not functioning.

11. Mr. Green also informed me that Roy Chanson had told him that Roy and Amy Chanson were helping Eric Chanson edit the involuntary pornography site.

12. Shortly thereafter, Defendants reneged upon their agreement to sell the domain name registrations to ViaView, forcing ViaView to file a lawsuit.

Dated: August 15, 2013

_____
James McGibney
President, ViaView, Inc