1
2
3
4                    **UNITED STATES DISTRICT COURT**
5                   **SOUTHERN DISTRICT OF CALIFORNIA**

6   ABIGAIL TALLEY, a minor through          CASE NO. 13-cv-1238-CAB (BLM)
    her mother Elizabeth Talley,
7                                            ORDER DENYING DEFENDANTS'
                               Plaintiff,    MOTIONS TO DISMISS, DENYING
8       vs.                                  DEFENDANTS' MOTION FOR
                                             SANCTIONS, AND DENYING AS
9                                            MOOT PLAINTIFF'S MOTION TO
                                             SUPPLEMENT
10  ERIC S. CHANSON, ROY E.
    CHANSON, AMY L. CHANSON,                 [Doc. Nos. 5, 7, 14, 30.]
11  KEVIN C. BOLLAERT, and BLUE
    MIST MEDIA, LLC,
12
                               Defendants.
13

14       This matter comes before the court on the motions to dismiss of defendant Eric

15  Chanson and of defendants Amy and Roy Chanson. [Doc. Nos. 5, 7.] For the reasons

16  set forth below, these motions are denied. Also before the court is Amy and Roy

17  Chanson's motion for sanctions. [Doc. No. 14.] This motion similarly is denied.

18  Finally, the court denies as moot plaintiff's motion to supplement. [Doc. No. 30.]

19                              BACKGROUND

20       Plaintiff, a minor appearing through her mother, filed her complaint on May 28,

21  2013. [Doc. No. 1.] The moving defendants are Eric Chanson and his parents, Roy and

22  Amy Chanson, all New Jersey residents. [*Id.* ¶¶ 12-20.] Additional defendants Kevin

23  Bollaert and Blue Mist Media LLC have not appeared in this action, and the Clerk of

24  Court has entered Bollaert's default. [Doc. No. 27.]

25       Plaintiff alleges that defendants collectively operated the website YouGotPosted,

26  which at the time the complaint was filed was available at several different domain

27  names. [*Id.* ¶ 26.] YouGotPosted was a "revenge pornography" site. [*Id.* ¶ 27.] The

28  site contained sexually explicit images of individuals that were often submitted by

                                      - 1 -                              13cv1238

1  former romantic partners for the purpose of embarrassing the individuals.  [*Id.*]

2  Defendants published explicit images of plaintiff, taken when she was younger

3  than eighteen, on YouGotPosted.  [*Id.* ¶¶ 30, 35.]  Defendants watermarked each of the

4  images with the "You Got Posted" logo, then posted the images to a site that identified

5  plaintiff, said she was from California, and enabled visitors to comment on the images.

6  [*Id.* ¶¶ 30, 31, 33.]  Defendants published the images of plaintiff for their own financial

7  gain.  [*Id.* at 2.]

8  Plaintiff asserts several causes of action against defendants, including violations

9  of 18 U.S.C. §§ 2252 and 2252A, unauthorized publication of likeness in violation of

10  California Civil Code § 3344, negligence, and invasion of privacy.  [*Id.* ¶¶ 38-82.]

11  Plaintiff states that, as a result of defendants' conduct, she has suffered humiliation,

12  severe emotional distress, and suicidal depression.  She seeks damages, fees, costs, and

13  injunctive relief.

14  DISCUSSION

15  A.   Defendant Eric Chanson's Motion to Dismiss

16  On September 3, 2013, the court received a letter from defendant Eric Chanson,

17  which he labeled a motion to dismiss.  [Doc. No. 5.]  Defendant does not identify the

18  subsection of Rule 12(b) of the Federal Rules of Civil Procedure on which his motion

19  is based.   Rather, he primarily contests several of the complaint's key factual

20  allegations.  However, to the extent Eric Chanson's letter can be construed as a motion

21  to dismiss for failure to state a claim, the court must accept as true the complaint's

22  factual allegations.  *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).  Because

23  defendant does not identify any grounds for dismissal in his motion to dismiss, the

24  motion is denied.

25  B.   Motion of Amy and Roy Chanson to Dismiss for Lack of Personal Jurisdiction

26  On September 10, 2013, defendants Amy Chanson and Roy Chanson, proceeding

27  *pro se*, filed a motion to dismiss for lack of personal jurisdiction.  [Doc. No. 7.]  Both

28  Amy and Roy Chanson submit declarations in which they state that they "have never

1  participated or assisted [their son] Eric in any of his business activities." [Doc. No. 7-1

2  ¶ 7, Doc. No. 7-2 ¶ 7.] They further declare that they "had never heard of the website,

3  'YouGotPosted,' prior to reviewing the complaint in this action" and had "never

4  supervised, assisted, or participated in formatting and distributing any photographs

5  appearing on YouGotPosted." [Doc. No. 7-1 ¶¶ 14-15, Doc. No. 7-2 ¶¶ 14-15.]

6  Finally, they conclude:

7  
8  
9  

> Prior to the filing of this lawsuit, I had never seen any photographs of the Plaintiff in this action . . . I have never handled, formatted, watermarked or distributed any photographs of [plaintiff] and have no knowledge of [plaintiff] except what has been stated in her complaint, and I have no knowledge of the veracity of those statements.

10  [Doc. No. 7-1 ¶ 17, Doc. No. 7-2 ¶ 17.]

11  Plaintiff responded in opposition to defendants' motion. [Doc. Nos. 17.]

12  Plaintiff attaches the Declaration of Ronald D. Green, a partner with the Randazza

13  Legal Group. [Doc. No. 17-4.] Mr. Green states that prior to the filing of this lawsuit,

14  he had spoken with Roy and Amy Chanson on several occasions in relation to a

15  different case, a trademark infringement suit, and that during one telephone

16  conversation,

17
18
19
20
21
22
23

> 11.   Roy Chanson additionally informed me that Roy and Amy Chanson were aware of the involuntary pornography website in question and were actively assisting in the editing of photographs on the site. Specifically, Roy Chanson informed me that he and his wife were assisting Eric Chanson in changing all of the watermarks on the involuntary pornography website.
> 12.   Roy Chanson made specific statements about how the process of editing the photographs and the watermarks thereon was arduous and time-consuming.
> 13.   Roy Chanson stated that they were altering the watermarks from the old name of the website (IsAnyoneUp) to the new name of the website (YouGotPosted/UGotPosted).

24  [*Id.* ¶¶ 3-5, 11-13.]

25  On November 15, 2013, defendants Amy and Roy Chanson lodged an additional

26  filing in which they dispute Mr. Green's statements and again challenge the complaint's

27  factual allegations. [Doc. No. 29.]

28

13cv1238

1    1.    Legal Standard

2    In opposing defendants' motion to dismiss for lack of personal jurisdiction,

3 plaintiff bears the burden of establishing that jurisdiction exists. *CollegeSource, Inc.*

4 *v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011).  Where defendants' motion

5 here is based on written materials, rather than an evidentiary hearing, plaintiff must

6 make only a *prima facie* showing of jurisdictional facts to withstand the motion to

7 dismiss. *Id.*  Uncontroverted allegations in the complaint are taken as true, and conflicts

8 between the facts contained in affidavits are resolved in plaintiff's favor. *Id.*

9    2.    Analysis

10    "Personal jurisdiction over a nonresident defendant is proper if permitted by a

11 state's long-arm statute and if the exercise of that jurisdiction does not violate federal

12 due process." *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 741

13 (9th Cir. 2013).  "California's long-arm statute, Cal. Civ. Proc. Code § 410.10, 'is

14 coextensive with federal due process requirements, [so] the jurisdictional analyses

15 under state law and federal due process are the same.'" *CollegeSource, Inc.*, 653 F.3d

16 at 1073.  "For a court to exercise personal jurisdiction over a nonresident defendant

17 consistent with due process, the defendant must have 'certain minimum contacts' with

18 the relevant forum 'such that the maintenance of the suit does not offend traditional

19 notions of fair play and substantial justice.'" *Id.* at 1073-74 (quoting *International Shoe*

20 *Co. v. Washington*, 326 U.S. 310, 316 (1945)).

21    There are two forms of personal jurisdiction: general and specific.  Here, because

22 the court finds that it has specific jurisdiction over Amy and Roy Chanson, it does not

23 address whether general jurisdiction also exists.

24    The Ninth Circuit applies a three-prong test in analyzing specific jurisdiction:

25

26 (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege

27 of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of

28 jurisdiction must comport with fair play and substantial justice, *i.e.*, it must

- 4 -                                                    13cv1238

1   be reasonable.

2   *CollegeSource,* 653 F.3d at 1076.  Plaintiff has the burden of satisfying the first two

3   prongs.   If plaintiff does so, the burden then shifts to defendants to set forth a

4   "compelling case" that the exercise of jurisdiction would not be reasonable.

5   *CollegeSource*, 653 F.3d at 1076 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462,

6   476-78 (1985)).

7   Because plaintiff complains of tortious conduct, the court must determine

8   whether defendants "purposefully direct[ed] [their] activities" at California or a

9   California resident.  *See CollegeSource*, 653 F.3d at 1077.  In doing so, the court applies

10  the "effects test," which focuses on the forum in which defendants' actions were felt.

11  *Yahoo! Inc. v. La Ligue Contre Le Racisme*, 433 F.3d 1199, 1206 (9th Cir.2006) (en

12  banc).  The effects test is satisfied where the defendant "(1) committed an intentional

13  act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows

14  is likely to be suffered in the forum state."  *Yahoo!*, 433 F.3d at 1206.

15  Here, the effects test is satisfied.  First, defendants committed several intentional

16  acts.  They received the explicit images of plaintiff, formatted them, posted them to the

17  YouGotPosted site, identified plaintiff and her state of residence, and grouped the

18  images of plaintiff with those of other California residents.  Though defendants Roy and

19  Amy Chanson deny in their declarations that they ever participated in the operation of

20  YouGotPosted, plaintiff submits a contrary declaration of an attorney who states that,

21  during a previous litigation, Roy Chanson said that he and Amy Chanson "were aware

22  of the involuntary pornography website in question and were actively assisting in the

23  editing of photographs on the site."  [Doc. No. 17-4 ¶ 11.]  At this stage, the court must

24  resolve this conflict of fact in plaintiff's favor.  *CollegeSource*, 653 F.3d at 1073.

25  Second, defendants' acts were expressly aimed at a California resident.  "[T]he

26  'express aiming' requirement ... is satisfied when 'the defendant is alleged to have

27  engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a

28  resident of the forum state.'"  *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir.

1  2002) (quoting *Bancroft & Masters, Inc. v. August Nat'l, Inc.*, 223 F.3d 1082, 1087 (9th

2  Cir. 2000)).  Here, defendants' alleged conduct was targeted at plaintiff, a California

3  resident.  Defendants allegedly received, formatted, and posted explicit images of

4  plaintiff.  Further, because defendants identified plaintiff on YouGotPosted as a

5  California resident, they knew she was a resident of California.

6        Third, it was foreseeable to defendants that plaintiff would likely have suffered

7  the psychological harm alleged.  *See Brayton Purcell LLP v. Recordon & Recordon*,

8  606 F.3d 1124, 1131 (9th Cir. 2010) (noting that the final element of the effects test "is

9  satisfied when defendant's intentional act has 'foreseeable effects' in the forum.")

10  Thus, because plaintiff satisfies the three requirements of the effects test, plaintiff has

11  demonstrated that defendants purposefully directed their activities at the forum state,

12  therefore satisfying the first requirement for specific jurisdiction.

13        Plaintiff also satisfies the second requirement for specific jurisdiction, namely

14  that plaintiff's claims arise out of or relate to the defendant's forum-related activities.

15  *CollegeSource*, 653 F.3d at 1076.  Here, plaintiff's claims relate to defendants'

16  publishing explicit images of her on their website, editing those images, identifying

17  plaintiff as a California resident, and grouping the images of plaintiff with those of

18  other California residents.  Further, by tagging plaintiff's images with those of other

19  California residents, defendants were advertising to other California citizens.

20        Because plaintiff satisfies her burden in demonstrating the first two requirements

21  for specific jurisdiction over defendants, the burden shifts to defendants to set forth a

22  "compelling case" that the exercise of jurisdiction would not be reasonable, *i.e.*, would

23  not comport with fair play and substantial justice.  *CollegeSource*, 653 F.3d at 1076.

24  In determining whether the exercise of jurisdiction is reasonable, the court considers the

25  following seven factors:

26        (1) the extent of the defendants' purposeful injection into the forum
       state's affairs; (2) the burden on the defendant of defending in the forum;
27       (3) the extent of conflict with the sovereignty of the defendant's state; (4)
       the forum state's interest in adjudicating the dispute; (5) the most efficient
28       judicial resolution of the controversy; (6) the importance of the forum to
       the plaintiff's interest in convenient and effective relief; and (7) the

1    existence of an alternative forum.

2   *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1114 (9th Cir. 2002).

3        After considering these factors, the court finds that defendants have not met their
4   burden of establishing that the court's exercise of jurisdiction over them is
5   unreasonable.  The first factor "is analogous to the purposeful direction analysis" that
6   the court found satisfied above.  *Sinatra v. Nat'l Enquirer, Inc.*, 854 F.2d 1191, 1199
7   (9th Cir. 1988).  As to the third factor, defendants have not identified for the court any
8   conflict with the sovereignty of defendants' state, New Jersey.  The fourth factor, the
9   forum state's interest in adjudicating the dispute, strongly favors this court's exercising
10  jurisdiction over defendants, where "California has a strong interest in providing a
11  forum for its residents and citizens who are tortiously injured."  *Dole Food*, 303 F.3d
12  at 1116.  The fifth, sixth and seventh factors similarly favor the court's exercising
13  jurisdiction over defendants.  Plaintiff and defendant Bollaert are both California
14  citizens, so California is at least as efficient a forum as any other.  California is of
15  course the most convenient forum for plaintiff, a minor who suffered all harm in this
16  state.  Further, defendants fail to identify an alternative forum, and to the extent that
17  they would propose New Jersey, no indication is apparent that New Jersey could
18  exercise personal jurisdiction over defendant Bollaert.

19       Thus, only the second factor–the burden on defendants of litigating here in
20  California–significantly favors defendants.  But this factor alone does not render the
21  court's exercise of jurisdiction over defendants unreasonable.  In *Dole Food*, for
22  instance, the Ninth Circuit held that although it would be expensive and inconvenient
23  for residents of another country to defend themselves in California, this factor is not
24  dispositive.  *Id.* at 1115.  Here, while it may be expensive and inconvenient for
25  defendants, as New Jersey residents, to litigate in California, defendants "have failed
26  to overcome the strong presumption of reasonableness of the assertion of personal
27  jurisdiction."  *Id.* at 1117.  The court therefore finds that it has specific jurisdiction over
28  defendants Amy and Roy Chanson, and their motion to dismiss is denied.

13cv1238

C.    Motion for Sanctions

Defendants Amy and Roy Chanson also move for sanctions against plaintiff's counsel, pursuant to Rule 11 of the Federal Rules of Civil Procedure, primarily on the basis that plaintiff's counsel "had no basis for asserting that this Court had jurisdiction over the Chanson Defendants." [Doc. No. 14 at 12.]  As set forth above, however, the court finds that it does have personal jurisdiction over the Chanson defendants.  The motion for sanctions is therefore denied.

Finally, the court considers plaintiff's request for sanctions against defendants Amy and Roy Chanson, who have acknowledged that they employed the services of persons who are not licensed to practice law in this court to draft their motion to dismiss and motion for sanctions.  Because defendants have ceased their use of these services, however, and because the court has denied defendants' motions, the court does not find cause for sanctions at this time.

CONCLUSION

Defendant Eric Chanson's motion to dismiss [Doc. No. 5] is denied, as is the motion to dismiss for lack of personal jurisdiction of Amy Chanson and Roy Chanson. [Doc. No. 7.]  In addition, Amy and Roy Chanson's motion for Rule 11 sanctions is denied. [Doc. No. 14.]  Finally, because the court has denied Eric Chanson's motion to dismiss, plaintiff's motion to supplement her opposition to that motion [Doc. No. 30] is denied as moot.

**IT IS SO ORDERED.**

DATED:  May 7, 2014

**CATHY ANN BENCIVENGO**
United States District Judge