UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABIGAIL TALLEY, a minor, through her mother ELIZABETH TALLEY,<br><br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>ERIC CHANSON et al.,<br><br>　　　　　　　　　　　Defendant. | Case No.: 13-CV-1238-CAB-BLM<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS ERIC CHANSON AND KEVIN BOLLAERT**<br><br>[Doc. No. 36] |

This matter comes before the Court on Plaintiff's motion for default judgment against Defendants Eric Chanson and Kevin Bollaert. [Doc. No. 36.] The motion is unopposed. After careful consideration of Plaintiff's moving papers, combined with the Court's familiarity with the allegations in this case, the motion is granted.

**I.　Factual Background**

Defendants Chanson and Bollaert (together, "Defendants")[1] jointly operated the website YouGotPosted (the "Website"), which at the time the complaint was filed was accessible on the internet at several different domain names. The

---

[1] The complaint also named Chanson's parents and the entity Blue Mist Media, LLC, as defendants. The parents were dismissed pursuant to a stipulation. Blue Mist Media has not been served or appeared in this case.

1

1  Website was a "revenge pornography" site, meaning it contained sexually explicit
2  images of individuals that were submitted by former romantic partners for the
3  purpose of embarrassing the individuals.   While Chanson resides in New Jersey,
4  Bollaert resides in this district, and the physical address for the Website is in this
5  district as well.
6       Defendants watermarked sexually explicit photographs of Plaintiff, a minor,
7  with a "You Got Posted" logo and then posted them on the Website, along with
8  identifying information including Plaintiff's name and state of residence
9  (California).  Defendants did not take any steps to verify Plaintiff's age before
10 posting her photographs.  Nor did Defendants obtain Plaintiff's consent or that of
11 her parents.  According to the complaint, Defendants were aware that Plaintiff was
12 a minor and that the images constituted child pornography when they posted the
13 images on the Website.  Defendants used Plaintiff's photographs to advertise the
14 Website and profited from using Plaintiff's images.
15      Since the complaint was filed, Bollaert has been charged and convicted of
16 various crimes related to the Website. [Doc. No. 30-3.]  The declaration in support
17 of the arrest warrant for Bollaert states that Bollaert admitted that he and Chanson
18 created the Website.  [*Id.* at 3.]  The declaration also states that evidence from
19 Bollaert's computer shows that Defendants also operated a separate website that
20

they used to extort money from victims to remove their photographs from the Website.

## II. Procedural History

Plaintiff filed the complaint on May 28, 2013. The complaint asserts claims for violations of 18 U.S.C. §§ 2252 and 2252A, unauthorized publication of likeness in violation of California Civil Code § 3344, negligence, and invasion of privacy. [Id. ¶¶ 38-82.] Plaintiff states that, as a result of Defendants' conduct, she has suffered humiliation, severe emotional distress, and suicidal depression. She seeks damages, fees, costs, and injunctive relief.

The summons and complaint were served on Chanson on August 14, 2013. In response, Chanson filed a motion to dismiss that the Court deemed filed *nunc pro tunc* to September 3, 2013. The motion admits that Chanson and Bollaert were responsible for operating the Website. The Court denied the motion on May 7, 2014. Since this denial, Chanson has not filed an answer or otherwise appeared in this lawsuit. On June 17, 2014, the Clerk of Court entered a default as to Chanson.

Plaintiff served the summons and complaint on Bollaert effective September 26, 2013. Bollaert never responded and has not appeared in this action. On November 15, 2013, the Clerk of Court entered a default as to Bollaert.

On December 1, 2014, Plaintiff filed the instant motion for default judgment against Defendants.

### III. Legal Standard

Default judgment is governed by Federal Rule of Civil Procedure 55 and allows the court to enter default judgment "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). In light of Defendants' failure to answer to the Complaint, all of the allegations in the Complaint, aside from the amount of damages, are deemed admitted. Fed. R.Civ. P. 8(b)(6); *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). It is within the Court's discretion to enter default judgment following entry of default by the clerk. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986); see Fed. R. Civ. P. 55(b)(2).

In determining whether entry of default judgment is appropriate, the Ninth Circuit has identified seven factors for district courts to consider: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel*, 782 F.2d at 1471–72.

## IV. Discussion

### A. Plaintiff Is Entitled to Default Judgment

Assuming the truth of all of the allegations in the complaint, the *Eitel* factors weigh in favor of granting default judgment on each of Plaintiff's claims. Denial of this motion would result in prejudice to Plaintiff because she would be left without recourse in light of Defendants' refusal to take part in litigation. The complaint survived two motions to dismiss, including one from Chanson. There is little possibility of a dispute concerning material facts as Defendants have admitted to creating and operating the Website, and one of them has even been convicted of crimes related to the posting of sexually explicit images on the Website. Regardless, all allegations in the complaint are deemed admitted in light of Defendants' default. Moreover, Defendants were properly served with the suit, and their failure to answer is inexcusable. Accordingly, notwithstanding the strong policy favoring decisions on the merits, Plaintiff is entitled to default judgment here.

### B. Damages

Plaintiff seeks injunctive relief as well as compensatory and punitive damages for Defendants' violations of federal law. Plaintiff also seeks damages for Plaintiff's violation of California Civil Code § 3344. Plaintiff has stated that

she will waive attorneys' fees and costs if her requested damages are granted in full.

### 1. Statutory Damages Under 18 U.S.C. § 2255(a)

Plaintiff asks for the minimum statutory compensatory damages for her injuries resulting from Defendants' violations of Sections 2252 and 2252A. This amount is set by Section 2255(a), which states:

> Any person who, while a minor, was a victim of a violation of section . . . 2252, 2252A . . . of this title and who suffers personal injury as a result of such violation, regardless of whether the injury occurred while such person was a minor, may sue in any appropriate United States District Court and shall recover the actual damages such person sustains and the cost of the suit, including a reasonable attorney's fee. Any person as described in the preceding sentence shall be deemed to have sustained damages of no less than $150,000 in value.

As one Court recently explained:

> "The point of a minimum-damages requirement is to allow victims of child pornography to recover without having to endure potentially damaging damages hearings. Were it otherwise, a fresh damages hearing might inflict fresh wounds, *increasing* the child's suffering *and* increasing the compensatory damages to which she is entitled. Congress could rationally conclude that all children depicted in child pornography "are seriously injured and deserve a high threshold amount of damages." "Once a child has shown she was the victim of a sex crime, there is little point in forcing her to prove an amount of damages, only to have the court disregard that figure and award the statutory minimum." Plaintiffs are, of course, free to prove an amount of damages, as section 2252A(f) does not contain a minimum damages award. However, they are not required to do so under section 2255.

*Amy v. Kennedy*, No. C13-17 RAJ, 2014 WL 793365, at *4 (W.D. Wash. Feb. 25, 2014) (internal citations omitted) (quoting *Doe v. Boland*, 698 F.3d 877, 882 (6th Cir.2012) (*emphasis* in original)).  Here, the allegations in the complaint, taken as true show that Plaintiff was the victim of a sex crime at the hand of both Defendants.  Thus, she is entitled to the minimum compensatory damages award of $150,000 from each Defendant without proving an actual amount of damages.

### 2.  Punitive Damages Under 18 U.S.C. § 2252A(f)(2)(B)

Plaintiff also asks in her motion for $300,000 in punitive damages for Defendants' violations of the federal child pornography statutes.  Section 2252A(f)(2)(B) specifically allows recovery of punitive damages for victims of violations of that statute.

"[P]unitive damages . . . are aimed at deterrence and retribution." *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 416 (2003).  Courts awarding punitive damages must consider three factors: "(1) the degree of reprehensibility of the defendant's conduct; (2) the disparity between the actual or potential harm suffered by the plaintiff and the punitive damages award; and (3) the difference between the punitive damages awarded and any civil penalties authorized or imposed in comparable cases." *Id*. at 418.  "[T]he most important indicium of the reasonableness of a punitive damages award is the degree of reprehensibility of the

defendant's conduct." *Id.* at 419 (quoting *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 575 (1996)). "[P]unitive damages should only be awarded if the defendant's culpability, after having paid compensatory damages, is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence." *Id.*

Here, the allegations in the complaint, deemed admitted in light of Defendants' default, show highly reprehensible conduct by Defendants. Defendants knowingly displayed sexually explicit photographs of Plaintiff, a minor, without her consent, and sought to profit from those images. This conduct warrants imposition of further sanctions to punish Defendants and deter such conduct in the future. Accordingly, Plaintiff is entitled to the $300,000 in punitive damages she seeks here.

### 3. Damages Under Cal. Civ. Code § 3344

Plaintiff seeks $600,000 in damages for Defendants' violation of California Civil Code § 3344(a). This section provides:

> Any person who knowingly uses another's name, voice, signature, photograph, or likeness, in any manner, on or in products, merchandise, or goods, or for purposes of advertising or selling, or soliciting purchases of, products, merchandise, goods or services, without such person's prior consent, or, in the case of a minor, the prior consent of his parent or legal guardian, shall be liable for any damages sustained by the person or persons injured as a result thereof. In addition, in any action brought under this section, the person who violated the section shall be liable to the injured party or parties in an

    amount equal to the greater of seven hundred fifty dollars ($750) or the actual damages suffered by him or her as a result of the unauthorized use. . . . Punitive damages may also be awarded to the injured party or parties. The prevailing party in any action under this section shall also be entitled to attorney's fees and costs.

Cal. Civ. Code § 3344(a).  The remedies for violations of this statute "are cumulative and shall be in addition to any others provided by law." § 3344(g). "[B]y enacting section 3344(a), the [California] Legislature provided a practical remedy for a non-celebrity plaintiff whose damages are difficult to prove and who suffers primarily mental harm from the commercial misappropriation of his or her name." *Miller v. Collectors Universe, Inc.*, 159 Cal. App. 4th 988, 1002 (Cal. Ct. App. 2008).  Thus, the $750 in minimum statutory damages is not meant to compensate "mere reputational harm; rather, this remedy compensates for the effect any such reputational harm might have on one's feelings or peace of mind." *Perkins v. Linkedin Corp.*, __ F.Supp. 3d __, No. 13-CV-4303-LHK, 2014 6618753, at *11 (N.D. Cal. Nov. 13, 2014) (dismissing claim for minimum statutory damages under Section 3344 because complaint did not allege any mental anguish).

    Here, Plaintiff seeks far in excess of the $750 in minimum statutory damages for mental anguish under Section 3344(a).  In support, Plaintiff included a declaration with her motion describing the anxiety, humiliation, shame, and emotional distress that she has experienced as a result of Defendant's use of her

photographs.  Although this evidence and the circumstances of Defendants' violation of Section 3344 warrant an award in excess of the statutory minimum for Plaintiff's mental harm, Plaintiff fails to provide any basis for her request for $600,000 in damages.  Nevertheless, additional damages of $150,000 from each Defendant are appropriate.  The Court arrives at this amount because Plaintiff's claims for violation of the federal child pornography statutes are premised on the same acts as her Section 3344 claims.  Likewise, Plaintiff's damages are the same under each claim.  If $150,000 is the minimum statutory damages for the federal violations, such amount should also be the minimum measure of Plaintiff's damages for violation of Section 3344(a) based on the same acts.  Further, awarding this amount will not constitute double recovery because Section 3344(g) specifically states that damages are cumulative.  Accordingly, Plaintiff is entitled to an additional $150,000 in damages from each Defendant for their violations of Section 3344(a).

### 4. Permanent Injunctive Relief

Finally, Plaintiff seeks permanent injunctive relief under 18 U.S.C. § 2252A(f)(2)(A).  Specifically, Plaintiff asks that all images of her be destroyed and that Defendants be enjoined from further distribution of the sexually explicit images of her as a minor.  Such relief is warranted here as well.

## V. Disposition

For the foregoing reasons, Plaintiff's motion for default judgment is **GRANTED**. The Clerk of Court is instructed to enter **DEFAULT JUDGMENT** totaling $900,000 as follows:

1. Judgment should be entered in favor of Plaintiff and against Kevin Bollaert for a total of $450,000, consisting of (a) minimum statutory damages of $150,000 under 18 U.S.C. § 2255; (b) punitive damages of $150,000 under 18 U.S.C. § 2252A(f)(2)(B); and (c) compensatory damages for mental anguish for violation of California Civil Code § 3344(a). Bollaert shall be severally liable for payment of this entire $450,000.

2. Judgment should be entered in favor of Plaintiff and against Eric Chanson for a total of $450,000, consisting of (a) minimum statutory damages of $150,000 under 18 U.S.C. § 2255; (b) punitive damages of $150,000 under 18 U.S.C. § 2252A(f)(2)(B); and (c) compensatory damages for mental anguish for violation of California Civil Code § 3344(a). Chanson shall be severally liable for payment of this entire $450,000.

3. A permanent injunction as to both Defendants:

    a. Enjoining them from using any photographs of Plaintiff; and

      b. Requiring them to destroy any and all copies of photographs of Plaintiff still in their possession.

It is further **ORDERED** that if Plaintiff wants to seek attorney's fees because the Court is not awarding the full amount of the default judgment requested in her motion, she shall file a motion to that effect on or before **March 10, 2015**.

It is **SO ORDERED**.

Dated:  February 25, 2015

                                                    Hon. Cathy Ann Bencivengo
United States District Judge